## DUNHAM v. BRAIMAN.

A writ of error will not lie against a judgment in abatement, until the final judgment is rendered.

Where the final judgment is omitted in a writ of error, it may be amended on payment of cost.

ERROR, complaining of a judgment of the County Court, upon pleas in abatement in a certain action, brought by Braiman against Dunham without setting forth any final judgment in said cause, and for this cause a special demurrer was given.

The plaintiff in error moved to amend his writ by inserting therein the record of the final judgment rendered upon the merits — which was allowed by the court upon payment of cost.

## SPALDING v. IMLAY, LOAN OFFICER.

A foreign attachment will not hold against the loan officer of the United States, or other public officer.

SCIRE FACIAS, declaring, that he recovered a judgment against Daniel Stanton an absent absconding debtor, for £22 7s.; and that the defendant was regularly served with a copy of the process as agent, factor, etc., to said Stanton, and had the effects of said Stanton in his hands when said copy was left in service.

Plea in bar — That he was not otherwise agent, trustee, or debtor to said Stanton, then as commissioner of loans to the United States, to pay the sums due from the United States, to certain invalids, upon the pension list, on proper application, agreeable to the rules and regulations of the treasury and not otherwise, and that there was due from the United States to said Stanton, £36 which he was ready to pay upon proper application. Demurrer.

Before the counsel had gone through the argument, upon some suggestions from the court, the plaintiff withdrew his action. By the rules and regulations of the United States, money taken from their loan officer in this manner would not justify him in an account with their treasurer — besides it would involve the defendant in perpetual difficulty and disputes.