EUNICE STANTON, Administratrix of the estate of JOSHUA STANTON, jun. deceased, *against* URIEL HOLMES and URIEL HOLMES, jun.(a)

### CASE stated.

This was a *scire facias* against garnishees. The original action was against *Ebenezer Wilson* and *Benjamin Smith*, describing them as absent and absconding debtors, in the capacity of executors of the last will of *John Bird*, late of *Troy*, in the state of *New-York*, deceased. It was agreed by the parties, that *Wilson* and *Smith* had never lived or resided within the state of *Connecticut*; that

*A.* an inhabitant of this state, made his will, in which he bequeathed his personal property to *B.* and appointed him his sole executor. *B.* accepted the trust, and caused the will to be duly proved. Afterwards *B.* died at *Troy*, in the state of *New-York*, where he had lived for many years, having made his will, and appointed an inhabitant of that state his executor; who accepted the trust, and caused the will of his testator to be regularly proved there; but that will was never proved before any court in this state. *C.* being a creditor of the estate of *B.*, and *D.* a debtor to that of *A.*, *C.* sought to recover his debt out of the hands of *D.* by foreign attachment. *Sed non allocatur;* it being held, first, that the executor of *B.* was not an absent and absconding debtor within the meaning of our statute; and, secondly, that *D.* was not, in consequence of his indebtedness to the estate of *A.*, a debtor to the executor of *B.*

(a) There was another case brought up, between which and the present the only difference was, that in *that* the plaintiff sued in her *private* capacity, and not as administratrix.

their place of residence, at the time of the commencement of the original action against them, was, and ever since has been, at *Troy*, in the state of *New-York;* that *John Bird*, the testator above mentioned, for many years immediately previous to his decease, lived and resided at *Troy*, and there died; that this will had never been proved or approved by any court of probate within the state of *Connecticut;* but that it had been duly proved and approved in the state of *New-York*. It was further agreed, that the defendants in this *scire facias* were indebted to *Seth Bird*, at the time of his decease; that *Seth Bird*, by his last will, after bequeathing sundry legacies, not specifying this debt, bequeathed the residue of his property to his son *John Bird*, whom he appointed his sole executor; and that the latter accepted the trust, and caused the will to be duly proved and approved.

*Benedict* and *N. Smith*, for the garnishees.

If *John Bird* were living, he could not be subjected to this process by way of foreign attachment. If he be liable at all, he must be so as standing either in the character of executor to *Seth Bird*, or as residuary legatee of his estate. But the goods of a testator in the hands of an executor are not liable to be taken for the executor's private debts; and the debts due to an estate are not assets in the hands of an executor until collected. They are not, until collected, to be inventoried as part of the estate, nor until then is the executor accountable for them. *Lovelass on Wills*, 41. 2 *Bac. Abr.* 417.

If, therefore, *John Bird* could not be liable in either of these capacities, separately, he cannot when he unites them both in himself.

It may be laid down as a general proposition, that the property of a deceased person is to be obtained only in a due course of administration, and through the intervention of a court of probate. Neither creditors, nor legatees, may intermeddle without becoming executors in their

own wrong; and may not retain the property for any pur-
pose; not even in the case of a creditor to pay his own
debt. 5 *Co.* 30. *Cro. Eliz.* 630. But the attempt here
is to seize on the credits, and to collect and convert
them, when they are collectable only by the executor.

Executors are not within the reason and spirit of our
law regarding foreign attachment. The object of that
law was to protect creditors against the frauds of debt-
ors, who secrete their property in the hands of third
persons, so that it cannot be taken by ordinary process,
and then leave the state, so that their bodies cannot be
arrested. But these intentions cannot be attributed to
a man who dies; much less to these executors. For
they never lived in this state, nor do the effects of *John
Bird*, in their hands, become amenable to the claims
of the plaintiff by virtue of any powers derived from the
authority of this state, nor in consequence of any act by
them done here. But they are settling the estate in the
proper jurisdiction, where the creditors should apply.

Executors are mere trustees acting under the will, and
by direction of the court where it is proved. In this
state, they give bond; may at any time be called to ac-
count; if they waste the estate, and are likely to become
insolvent, they may be dismissed, and an administrator
*de bonis non* with the will annexed appointed.

Proceedings under this law are founded entirely upon
a privity of interest, contract and combination between
the garnishee and absconding debtor, and that for frau-
dulent purposes; but such privity cannot be said to sub-
sist between the garnishee and executors. The garnishee
is sued because he owed *Seth Bird*, and not because he
owed them. A debt to him, but not to them, is to be
cancelled by this judgment. The judgment will spend
its force on the garnishee. If he have no property in
his hands, the court have no jurisdiction; and the judg-
ment will not be regarded in another state. In short, it
is simply a proceeding against the effects of *Seth Bird*.

June, 1809.

STANTON
v.
HOLMES.

Further, this is a proceeding against executors by *at-tachment*. If they were within this state, neither the property of the testator, nor their bodies, could be taken. A summons only could issue. It then follows, that if this suit can be sustained, whenever executors happen to go out of the state, the whole of the testator's property may be seized upon, and swept away, and the whole administration defeated. Our factorizing law may be considered as made in furtherance of the remedy existing by attachment. Its object is to enable a creditor to take property which is concealed, without an actual levy upon it; and it has also made debts the subject of attachment. It is strictly *an attachment*. It locks up the property, and secures it to respond the final judgment to be rendered in the case as effectually as if it had been levied upon by the officer. But can invisible property be taken, when visible property could not be? The necessary conclusion is, that if this proceeding is proper, *John Bird's* horses and cattle, and even his land, may be attached, and disposed of, in the same manner as if he were living.

These executors could not sue the garnishees under probate of a will in the state of *New York:* therefore, the garnishees cannot be sued by the creditors of *John Bird;* for the creditors take the place of the absconding debtor. This must be conceded. The law was so decided by this court, the last term, in the case of *Riley* v. *Riley*, respecting an administrator; and has also been so adjudged in the circuit court of the *United States :* and there seems to be no good reason for allowing to an executor a right to institute a suit under such circumstances, which does not apply to an administrator. Though an executor may do many acts before probate of the will; though he may institute a suit, yet he cannot declare till after probate; and in this state he cannot even commence an action. He may be refused the appointment for many causes; as alienage, infancy, idoity, indigency, and a refusal to procure suitable bonds.

When an administrator is appointed, he has the same powers as an executor. Both are mere trustees. The will is subject to all the provisions of law; and its operation may be entirely defeated. 2 *Bac. Abr.* 377. *Carth.* 458. *Lovelass*, 21. If probate of a will *anywhere* vests the executor with the testator's property *everywhere*, it follows, that it may be *proved anywhere;* that it need not be confined to the district where the testator died, but may be proved on the trial of every case.

In *England*, administration must be obtained, and the will proved, in every diocess where the testator or intestate left property. 2 *Bla. Com.* 509. 3 *Cranch*, 323. 1 Ld. *Raym.* 855. *Stat.* 4 *Ann.* c. 16. If this be necessary where these different dioceses are all under one general jurisdiction, how much more so ought it to be required, where the effects are situated in different and independent jurisdictions? And why should we allow such a courtesy to the state of *New-York*, as to permit an executor to come here, collect and carry away the goods of a testator, without applying the avails to the payment of the creditors here? Such a courtesy, it is presumed, would be refused to us. But if the executors of *John Bird* could sustain an action to recover his effects, without proving the will; it by no means follows, that they can sue as executors to *Seth Bird*.

*Seth Bird* died in *Connecticut;* his will was proved here; and the requisite bonds given here. The executors of *John Bird* are executors of *Seth Bird* of course. But are they so without complying with the requirements of the law in the same manner as *John Bird* was obliged to do? If he could not execute his father's will, without proving it here, and giving bonds, and settling the estate according to the laws of this state, can they? Are they, because they are executors of *John Bird*, to come into this state, seize upon all the effects of *Seth Bird*, and carry them away, and defeat, as the case may be, his creditors, legatees? It is too absurd to be contended. If

*June, 1809.*

STANTON
v.
HOLMES.

they are entitled to execute the will of *Seth Bird*, because they are executors of *John Bird*, they must come here, where he died, comply with ,the requirements of our law, and settle his estate according to our law.

If a suit by way of foreign attachment can be sustained against an executor, it will defeat all the priorities known in the law. If an executor in this state can be subject to this process, then our average law may be frustrated, and the creditors may go so far as even to leave the expenses of settling the estate unprovided for. It may defeat the priorities created by the laws of *New-York;* for if the creditors may come here, and collect the assets, they may deprive the executor of them, so that he cannot apply them according to those priorities. Attachments cannot issue subject to priorities for various reasons. It often cannot be known whether the estate is insolvent till after execution issued. The garnishee is not supposed to know whether the estate is insolvent; and if he were, he is not obliged to resist the claim of a creditor on that ground. The executor is often ignorant of the suit until after judgment rendered, and the money collected; and there can be no pretence for saying, that when once collected, the executor can compel the creditor to refund it. It may be said, that unless this action can be sustained, the property of *Seth Bird* will not be applied in payment of *John Bird's* debts; for the executors are not obliged to come here and prove the will, and administer. The answer to this is very obvious. If the creditors wish to resort to the assets in this state, they can take administration on the estate of *John Bird.* and settle it according to our law. And although the executors might come into this state, and defeat the administration, still it would be on the same conditions, and attended with no other consequences than those which happen in every instance where an executor exhibits a will after an administration has been granted.

It may also be said, that the garnishees in this case

cannot raise these questions, as the executors came in and submitted to the jurisdiction of the court, and consented to have their cause tried in this state.

In all writs of *scire facias*, it must be alleged and proved, that the defendants in the original action were absconding debtors. 2 *Root*, 233. 1 *Root*. 276. 295. 557. The reason for this is, that the garnishee is not liable to be sued, unless his principal was an absconding debtor; and although the principal may come in, and waive any defence on that ground for himself, he cannot do it for his debtor: as between the creditor and garnishee, this is *res inter alios acta*.

*Daggett* and *Gould*, for the plaintiff.

Nothing more is necessary to render a debtor *absconding* within the meaning of our foreign attachment law, than that he be out of the reach of process. *Wilson* and *Smith* being out of the state, when the original action was commenced, were clearly of that description : they were persons *absconding*. Were they not also *debtors?* The objection is, that they were *executors*. But let it be observed, that executors are not *mere agents*. They have the *legal title* of all the personal estate of the testator. If an executor be sued in the *debet*, (not in the *detinet*,) it is matter of form only, and the defendant can take advantage of it only by special demurrer.

These are the persons liable to satisfy this debt. They have effects here. Can a debtor out of the state have a fund here, which our foreign attachment law cannot reach? The law is a remedial one ; and is to have an equitable construction.

It is said, that the property of a deceased person can be taken only in a course of administration. But cannot this debt be taken, if the executors omit to put it in a course of administration? The objection requires, that letters of administration be taken out here. But there was a will ; and *that* must furnish the rule by which the debts

June, 1809.  are to be disposed of.   How can a court of probate here
STANTON  grant administration *cum testamento annexo?*   Is it an
v.
HOLMES.  objection, which the executors can make, that they have
not proved the will here?   Are they to make a merit of
this omission?   Are they to say, that because we have,
not proved the will here, and will not, to the end of
time, you shall not touch the fund?

It is said, that *Wilson* and *Smith* are executors under
the laws of another state; and that they have no control
over the property here, and cannot be made liable in
respect of such property.   This might be true with re-
gard to administrators; but there is a clear difference
between their powers and the powers of executors.
The former derive their whole authority from the court
of probate; the latter from the will.   This operates as a
testamentary assignment of all the testator's personal
property to the executor.   Now, though a court of pro-
bate in *New York* can give no authority in this state, our
courts are bound by the constitution of the *United States*
to give full faith and credit to the *acts* of such court
of probate: that is, after the will has been duly proved
in the state of *New-York*, our courts are bound to re-
ceive it as an unquestionable truth, that there has been
a testamentary assignment of the testator's personal pro-
perty.

The objection, which we are considering, is founded
on this idea, that neither person nor property was with-
in the state.   This is an objection to jurisdiction; but
not on the ground that the court had not jurisdiction
as to the *subject matter.*   Such an exception, to be avail-
able, must be *pleaded;* it does not prove the case to be
*coram non judice.*

Because an executor is not liable to our attachment
law, *non sequitur* that the effects of a deceased debtor
may not be attached here.   Effects may be attached by
foreign attachment where the process is a *summons.*
Indeed, the original action in this case was by summons.

June, 1809.

STANTON
v.
HOLMES.

Nor does it follow, that because the visible assets in the hands of the executors could not be attached, if the executors were here, such effects cannot be attached when they are absconding. There is no analogy between our general attachment law and foreign attachment. Property exempt from execution could not be taken, if the debtor were here; but it could be, if he were gone out of the country.

That a debt due to an administrator may be attached within the custom of *London*, see *Spinke* v. *Tenant. Roll. Rep.* 105. S. C. cited 7 *Vin. Abr.* 232. (K.) *pl.* 2. 1 Ld. *Raym.* 56. 1 *Com. Dig.* 581, 582. *Rose's* edit.

It is made a distinct objection to a recovery in this case that the defendants are not debtors to the executors of *John Bird*. Why are they not so? Because, it is said, the debt was originally due to *Seth Bird*. But *Seth Bird* bequeathed this debt to *John Bird*. It became the property of *John Bird* by bequest.

Further, *John Bird* was the executor of *Seth Bird*. *John Bird*, then, had the beneficial interest as legatee, and the *legal* title as executor. If the defendants do not now owe the executors of *John Bird*, they owe nobody. But the defendants do owe; they are debtors; and where there are debtors, there must be creditors.

BY THE COURT. The first question is, whether the executors of *John Bird* were absent and absconding debtors.

As they have ever been inhabitants of the state of *New-York*, they were absent; but it does not appear from the facts in the case, that they can, with any propriety, be considered as absconding.

*John Bird* was the debtor of the plaintiff. But his executors in the state of *New-York* are only holden in that capacity to execute his will, and administer on his estate, according to the laws of that state, and pay his debts so far as they have assets in their hands. But

June, 1809.

STANTON
v.
HOMLES.

they are not, and by undertaking that trust do not, become in law debtors to his creditors.

No process by foreign attachment can be sustained against the executor or administrator, to recover a debt due from his testator or intestate.

The second question is, whether the defendants were debtors to the executors of *John Bird*.

They were debtors to *Seth Bird*, an inhabitant of this state, who, by his last will, appointed *John Bird* his executor. *John Bird* proved his will, accepted the trust, and was duly qualified in the proper court of probate in this state, to act and administer on his estate. That power ceased at his death. The executors of *John Bird* have no right or power to act in this state, in any instance, as executors of the will of *Seth Bird*, until they apply to the court of probate here, who approved that will; are admitted as executors of *John Bird*; and give bond that they will duly administer on the estate of *Seth Bird* according to his last will and testament.

They have never made any such application. The defendants were not debtors to the executors of the last will of *John Bird*.

Judgment to be entered for the defendants.