The opinion of the Court (absente Parsons, C. J.) was delivered, as follows, by
Sedgwick, J.
The question in this case is, whether an executor, before probate of the will, can be summoned, and afterwards charged as the trustee of one to whom a pecuniary legacy is given by his testator, he having sufficient assets to pay all debts and legacies.
Formerly, executors, under the circumstances of Mr. Allen, as disclosed by his answers, were adjudged trustees; and so also were officers, who had in their hands money collected on executions. This, however, was done under the provincial statute on this subject ; between which and the act now in force there is considerable difference. By the statute now in force, “goods, effects, and credits, intrusted and deposited” in the hands of a stranger, are [ * 274 ] attachable. * Now, pecuniary legacies, in the hands of an executor, are not goods or effects; and it is equally clear that in no proper sense can they be denominated credits. Without the relation of a creditor and a debtor, there can be no such thing as a credit; but a legatee can in no proper sense be said to be the creditor of a testator; nor a testator, merely as such, the debtor of a legatee.
This question, in relation to an officer having money in his hands, collected on an execution, was fully considered in the case of Wilder vs. Bailey, mentioned at the bar; and the principles, which governed that case, apply with equal force to the case under consideration. In neither case is there a credit; nor was the subject, attempted to be attached, intrusted or deposited, in the sense *231 of the act, in the hands of a person summoned as trustee. And it may he added, that the judgment provided in this process would be different from judgments in other cases against executors. In this case, to conform to the statute, it must be de bonis propriis, whereas in other cases it is de bonis testatoris.
The same principles, which were adopted in the case of Wildet vs. Bailey, have been again recognized this term in the case of Chealy vs. Brewer. On the whole, we are all of opinion that Mr. A lien must be discharged.
We have laid no stress on the circumstance in this case, that the service of the summons was before the probate of the will; because we are of opinion, that if the service had been after the probate, Mr. Allen could not have been adjudged a trustee.

Trustee discharged