*New-Haven,*
July, 1851.

Treadway
*v.*
Coe.  21  283
        61  440

TREADWAY *against* COE :

### IN ERROR.

A judgment of the superior court on a cross-bill filed in answer to an original bill of the adverse party, during the pendency of such original bill, is not a final judgment, on which a writ of error can be brought.

A motion in error stands on the same footing as a writ of error; the only difference being the dispensing, in the former case, with the service required in the latter.

THE original suit was a bill for a foreclosure of mortgaged premises, brought by *Russell Coe* against *Francis A. Gale*, the mortgagor, and *Lyman Treadway*, a creditor of *Gale*, who had obtained judgment and execution against him, and had the execution levied on his equity of redemption. During the pendency of this bill, at the term of the superior court, in *October*, 1850, *Treadway* filed his cross-bill, averring, that he was the true and equitable owner in fee of all the right, title and interest which *Gale* had in the mortgaged premises, when the mortgage was executed; and praying that *Coe's* bill, as against *Treadway*, be dismissed. The cause was continued to the term of the court, in *January*, 1851, when *Coe* demurred to the cross-bill; and after a full hearing, it was adjudged, by the court, that the cross-bill was insufficient. At the same time, leave was given to *Treadway* to amend his cross-bill, in the particular suggested on the argument, without costs.

After the decision on the demurrer to the cross-bill, *Treadway* filed his motion in error. In the supreme court of errors, *Coe* appeared, and pleaded in abatement of such motion in error, alleging, that the judgment therein complained of, was not a final judgment of the superior court; but that the cause in which the said judgment complained of was rendered, is still pending, in the superior court, for the further action of that court; and that no final judgment in said cause in the superior court, in which said judgment in the motion in error complained of was rendered, had ever been rendered in the superior court.

To this plea in abatement, *Treadway* demurred; and the case was thereupon reserved for the advice of this court.

R. I. *Ingersoll* and *Harrison*, for the plaintiff in error.

C. A. *Ingersoll*, for the defendant in error.

HINMAN, J.    This is a plea in abatement, to a motion in error, from a judgment of the superior court.   There was a demurrer, in the superior court, to the cross-bill and answer of the defendant to the original bill; and it was adjudged insufficient, and the defendant had leave to amend it.

The defendant, however, instead of amending, filed a motion in error, to reverse that judgment; and the question is, whether the judgment complained of, was a final judgment, on which a writ of error can be brought.   We think it was not.

A motion in error stands on the same footing as a writ of error.    The only difference is, that in a motion in error, no service is required to be made on the opposite party; because, being before the court, when the motion is filed, he is bound to take notice of it, at his peril.    *Stat.* 93. § 166.

It is well settled, that a writ of error cannot be brought upon an interlocutory judgment; and if so brought, it will abate.    *Gleason* v. *Chester*, 1 *Day*, 27.    The only question then, is, whether this was an interlocutory, or a final, judgment.   A judgment, to be final, must put an end to the suit. In this case, the original suit is still pending in court; and unless it is improperly there, it is clear, that no final judgment can have been rendered in it.    To avoid this result, the plaintiff in error treats the original bill and the cross-bill as two separate suits, and insists, that the judgment is final on the cross-bill.    If this could be done, in any case, the result claimed would not follow here.    This judgment does not dispose of the cross-bill, even; but only gives liberty to the party to amend it : it is not dismissed.    It is needless, however, to dwell on this.    Two suits cannot be made of those proceedings.    The cross-bill does indeed set out a title to distinct relief; but it is also a principal object of it, to answer the original bill; and so far as this object is concerned, the judgment can, in no sense, be said to be final. The court will not hold a judgment to be divisible, for the mere purpose of multiplying suits.    *Magill* v. *Lyman*, 6

*Conn. R.* 59. *Lyman* v. *Magill,* 6 *Conn. R.* 69. *Gleason* v. *Chester,* 1 *Day,* 27.

Judgment will be rendered for the defendant, on his plea in abatement.

In this opinion the other Judges concurred.

Plea in abatement sufficient.