Storks, C. J.
The only error assigned in this case, and on which the plaintiff in error relies for the reversal of the proceedings of the city court, is, that that court granted a new trial in the original case on the ground that the verdict rendered therein was against the evidence; and the only question argued before us respects the competency of that court to grant a new trial for-that cause. It appears, however, from the record presented on this writ of error, that that case has not been re-tried in that court, and- that no proceedings have taken place in the case since the new trial £ *465 ] was ordered. No final judgment, therefore, has been rendered in the case by the city court, and it remains before it undetermined ; and we are of the opinion that, as the order of that court granting a new trial was at most only in the nature of an interlocutory judgment, and no final judgment has been rendered in the case, this writ of error is premature and ought to be dismissed.
The principle is well settled that a writ of error does not lie upon an interlocutory judgment in a cause until a final judgment has been rendered, or, as perhaps more precisely expressed by Lord Ellenborough, in Samuel v. Judin, (6 East., 336,) “ error can only be brought on final judgment; ” by which, however, he does not mean that an error in an interlocutory judgment is not a good cause of reversal on writ of error, brought after final judgment in a cause, but only that such final judgment must be rendered before a writ of error can be brought; and then the writ of error is brought as upon the final judgment, on the ground that such judgment is rendered erroneous by the errors in the interlocutory proceedings. In accordance with this principle it is held that, on the judgment ordering a partition to be made in a writ of partition, no writ of error lies until the second judgment which the law requires, that the partition returned to the court be confirmed and established, *380 for the reason, as given in Bacon’s Abridgement, that “ before the latter judgment the plaintiff may be nonsuit., or he may upon the return of the sheriff suggest to the court that the partition is not equal, and so have a new partition, and may also release before the last judgment; ” or, as sometimes expressed, because the entire matter of the original writ is undetermined. 2 Bac. Abr. “ Error,” A 2; and the cases there cited. So, in an action of account, a writ of error can not be brought upon the judgment quod computet, until after the entire matter of the account be determined and the second or final judgment be rendered. Ibid. If there are any exceptions to this rule they have no application to ‘the present case. This court £ *466 ] has frequently adopted *the same principle. In Dunham v. Braiman, (1 Root, 551,) it was held that a writ of error upon a judgment arresting a verdict and ordering a repleader, brought before final judgment in the case, should be abated. In Gleason v. Chester, (1 Day, 27,) after verdict for the plaintiff, the declaration on motion iu arrest was adjudged insufficient, which judgment was reversed by this court and the case remanded, and in the superior court, on motion for judgment on the verdict, it was denied, and a repleader awarded, and a writ of error brought to reverse the last judgment, before final judgment was rendered in the case, was abated. This case is precisely applicable to and decisive of the present, for the judgment of repleader, in regard to its interlocutory character, was analogous to the granting of a new trial in the case before us. See also Ray v. Fitch, 1 Root, 290, and Treadway v. Coe, 21 Conn., 283. Whether, in the present case, if the city court had no authority to grant a new trial, the plaintiff in error has any other remedy before a final judgment is rendered, it is unnecessary for us to determine.
This writ of error should therefore be dismissed.
In this opinion the other judges concurred.
Advice that case be dismissed.