## PALMER v. NOYES & TRUSTEES.

Under the provisions of our statute relating to the process of foreign attachment, an executor or administrator may be charged as the trustee of an heir or legatee, for any sum of money found to be in his hands upon the settlement of the estate belonging to such heir or legatee.

And where process is served upon the executor as trustee, before the settlement of the estate, or before it is rendered certain that there will be anything in the hands of the trustee belonging to the principal defendant, the action will ordinarily be continued until the settlement of the estate, or until the liability of the trustee can be definitely settled and determined, when he will disclose and be charged or discharged, according to the facts as they exist at the time of the judgment.

When money in the hands of a trustee is payable to the principal defendant in ten equal annual payments, only so much of it can be held upon the trustee process as is due and payable at the time the plaintiff takes his judgment.

The following is an extract from the Trustees' disclosure :

" Susan W. Noyes, Franklin, on the 24th of May, A. D. 1861, made and executed her last will and testament. She died July 30, 1861. Her will was proved and allowed in solemn form, in this county, in December 1861, previously in common form.  In and by said will, the said Nesmith and Cate were duly named executors, who entered upon the discharge of their duties accordingly.  The said Charles W. Noyes was made residuary legatee in said will, ·as will appear by the following language, viz :

'All the rest and residue of my estate which shall remain after the payment of the aforesaid legacies, I give and bequeath to my son Charles C. Noyes, to have and to hold, to him, his heirs, and assigns forever, and to be paid in ten equal parts, annually, by my executors.'

The said executors have paid all the specific legacies named in said will, according to its terms, also all the debts that have come to their knowledge, which existed against said testate, and on the 4th Tuesday of April, A. D. 1863, settled their account with the Judge of Probate for this County, under due notice ; and the balance of $1218.98, was found to be in their hands as constituting the legacy remaining to the use of said Charles, which said balance is now in the hands of said Nesmith, who holds it subject to the order of the law."

Upon the foregoing disclosure, the plaintiff moved that said trustees be now charged for the whole sum of $1218.98, admitted to be in their hands, but the court declined to make such order, and the plaintiff excepted.

And the questions arising in this case were reserved for decision at the Law Term.

*Barnard*, for plaintiffs.

The declaration alleges, and the default of the defendant admits, a debt due the plaintiffs of more than $2000.  The funds in the trustees' hands do not equal the amount of the principal defendant's indebtedness by more than $800.

The plaintiffs are entitled to judgment against the principal defend-

ant, but unless more than one judgment can be entered in the action, they cannot take it until the liability of the trustees is determined, so that judgment may be entered at the same time against them. What shall be done with the trustees? Can there be no adjudication of the rights of the parties to the whole legacy, until the ten years mentioned in the will have expired? Must the plaintiffs abandon their claim to all that part of the legacy not presently payable, or take their chances for a judgment when it all becomes due, which, in case of the death of the principal defendant before that time, would result in turning the whole proceedings over to a commissioner of insolvency upon his estate, and practically in a total loss of the plaintiffs' claim, and the costs and expenses of prosecuting the suit?

As appears by their disclosure, the trustees leave the disposal of the funds in the hands of the court, their only interest in the proceedings being, to be so charged, if at all, that they shall be protected in their payments from any subsequent claim of Noyes upon them for the same funds.

The plaintiffs move to charge them for the whole amount in their hands.

The statute provides that " every person summoned as trustee, as aforesaid, having in his possession any money, goods, chattels, rights or credits of the principal defendant at the time of the service of such writ upon him, or at any time after such service, and before his disclosure, shall be adjudged a trustee therefor." C. S. 528, sec. 8.

In order that a person should be adjudged a trustee, the statute requires, *first*, that he should have in his possession, money, goods, chattels, rights, or credits, and, *secondly*, that these should belong to the principal defendant. These are all the statute requisites for charging the person summoned as a trustee. Either of these points may be controverted, but when once adjudicated, " he shall," in the language of the statute, " be adjudged a trustee." Our trustee process is in the nature of a proceeding *in rem*, and as the court say in *Strong* v. *Smith*, 1 Metcalf, 476, it " operates as a species of compulsory statute assignment, by which a creditor may obtain that by operation of law, which his debtor might voluntarily assign to him in payment of his debt."

No controversy in the case at bar can be raised on either of the above points, for, by the will, the funds which are admitted to be in the executor's hands, were given and bequeathed to Noyes, " to have and to hold to him and his heirs and assigns, forever." We say, then, under the statute, all the money in the trustees' hands, the same being the property of the principal defendant, should pass, by a judgment of the court, before the rights of the parties are changed, by death or otherwise, to the benefit of the plaintiffs. In other words, it is the right of the plaintiffs to have the whole matter adjudicated at the present time.

But it will be said, a small portion only of the legacy is due, and the creditor can have no more or greater rights against the trustees than could the principal defendant, and not being due, the defendant could not recover in an action in his favor for the whole legacy. It is undoubtedly true that the trustee by the operation of the proceedings against him

should not be placed in any worse condition than he would be if the defendant's claim against him were enforced by the defendant himself. And it is also true that a trustee may be charged, although no action could be sustained at that time by the defendant against the trustee respecting the subject matter of the trustee's liability. *Nichols* v. *Schoffield*, 2 Rhode Island, 123 ; *Whitney* v. *Monroe*, 19 Maine, 42 ; *Miller* v. *Richardson*, 1 Missouri, 310 ; *Woodbridge* v. *Morse*, 5 N. H. 519 ; *Staples* v. *Staples*, 4 Maine, 532 ; *Corey* v. *Powers*, 18 Vermont, 588 ; *Clark* v. *Brown*, 14 Mass. 271 ; *Thayer* v. *Sherman*, 12 Mass. 441 ; *Riley* v. *Hurst*, 2 Penn. State R. 346. Mr. Drake, in his treatise on Suits by Attachment (Drake on Attachment, sec. 464,) says, "Where the garnishee is, when summoned, a debtor of the defendant, but the debt is payable at a future time, though the defendant at the time of the garnishment can maintain no action against the garnishee, yet the latter may be charged."

The case at bar is like the case of *debitum in præsenti, solvendum in futuro*, and for such a debt a trustee may be charged. By the custom of London, money due, &c., but not payable at the time of the garnishment, may be attached and judgment may be rendered in respect thereof at once, but no execution shall issue till the time of payment arrives. *Priv. Lond.* 261, 262, cited in Drake on Attachment, sec. 527 ; 2 Bacon's Abridgment 261, and authorities cited. This doctrine has been sustained by many American decisions. *Sayward* v. *Drew*, 6 Maine, 263 ; *Willard* v. *Sheafe*, 4 Mass. 235 ; *Walker* v. *Gibbs*, 2 Dallas, 211 ; *Fulweiler* v. *Hughes*, 17 Penn. State R. 440 ; *Fay* v. *Smith*, 25 Vermont, 610 ; Drake on Attachment, ch. 26, and authorities cited.

Mr. Sargent, in his treatise on Attachment, lays down the law thus : "Money growing due upon a bond or contract may be attached before it is due and payable, and judgment may be against the garnishee, but execution shall not issue till the time of payment." Cited in *Cottrell* v. *Varnum, Fuller & Co.*, 5 Alabama, 229. In this case (from 5 Alabama,) the court say in the marginal note : "Where a garnishee admits that he is indebted to the defendant in execution, in a sum of money to be paid at a future day, judgment may be rendered against him, with a stay of execution until the maturity of the debt." So in *Kase* v. *Kase*, 34 Penn. State R. 128, the court say, in the marginal note : "In an attachment execution, the garnishee may plead that the debt is not presently demandable, to qualify the judgment," which is similar to staying the execution in other States, and cites with approval from 8 W. & S. 219, "that the debt attached, if not presently demandable, may be pleaded in stay of execution."

Our statute seems to contemplate the same course of proceedings as have been settled in other jurisdictions by the courts ; for sec. 10, page 528, C. S., provides that "when the trustee is indebted to the principal defendant, and the term of payment has not expired, the court may suspend issuing execution against such trustee, as justice may require."

Applying the foregoing principles to the case at bar, they settle, by a judgment of the court, the fact of the indebtedness of the defendant, and

the amount of his liability; and, without prejudice to the trustees, the right to the funds in their hands is transferred, in the eye of the law, from the defendant Noyes, to the plaintiffs; and, from the time judgment is rendered, the plaintiffs become the owners of the funds, and by subrogation, entitled to all the rights and privileges which the principal defendant formerly had. This, we submit, does justice to all parties, and injustice to none.

*Cate,* for trustees.

The plaintiffs are of Boston, and so set up in the plaintiffs' writ. The defendant is described as of ' "Franklin, in this county, *alias,* of the city, county, and State of New York." There has been no appearance for the defendant upon either of our dockets, and no attachment here, except the service upon the supposed trustees. Where the plaintiffs have given an ambiguous residence to the defendant, it would not be safe to render a judgment against him or the trustees, especially where the evidence might be decisive that the defendant's residence was not in this State at the time of the service of the plaintiffs' writ upon the trustees, and no personal service was made upon the defendant, and that he has been absent ever since. We suggest this view of the case by way of caution. *Hoag* v. *Hunt,* 21 N. H. 106; *Young* v. *Ross,* 31 N. H. 201.

Again, the plaintiff's action was prematurely brought. Their writ is dated January 15, 1862, returnable at the trial term in this county, held the first Tuesday of February, then next. The trustees were summoned into court within less than six months after they were qualified as executors, and before they could possibly determine whether, after the payment of prior claims, a residuum would remain to the defendant. N. H. Comp. Laws, ch. 170, sec. 1.

If the court shall determine that they have jurisdiction over this action, so as to render a judgment safe to all concerned, then we contend that as executors of the will of the testatrix, we are not liable, by virtue of this process, as trustees, either by common law, or by any statute or legal decisions. Toller on Ex'ors, 4th Am. Ed. 478; *Beckwith* v. *Baxter,* 3 N. H. 67; *Barnes* v. *Treat,* 7 Mass. 271; *Brooks* v. *Cook,* 8 Mass. 246; *Winchel* v. *Allen,* 1 Conn. 385; *Shewell* v. *Keen,* 2 Whart. 332. This is a leading authority, where the whole question was fully considered, where a large amount was involved. It is found in Drake on Attachments, in note, 599; *Barret* v. *Weaver,* 2 Whart. 418; *Young* v. *Young,* 2 Hill, S. C. 425; *Jackson* v. *Wadsworth,* 1 Johns. 372; *In matter of Hurd,* 9 Wend. 465; Drake on Attachments 81, and the 22d chapter, from 493 to 503, inclusive.

The testatrix, by her last will, created a " trust fund," and her executors, as trustees, by her manifest intention, are instructed to pay this fund to the son, as *cestui que trust,* annually, in equal parts, for the space of ten years. It was intended as a small charity for his relief and support, wherever situated. The trust is not to be broken up, defeated, or impaired by any creditor of the son, but the object of it is to receive its

benefits at the hands of the trustees, precisely as the testatrix has so clearly indicated the way.

No fixed or certain form of words, is required to devise an estate in trust. *Blake* v. *Dexter*, 12 Cush. 539. The case of *Miller & Wife* v. *Congdon, Ex'r*, 14 Gray, 115, shows the relative duties and obligations of trustees, &c., in a case of this kind. And the recent opinion of the court in *Brown* v. *Heath & Clarkville, Trustees*, clearly indicates the purpose of the court, so far as they may, to protect charitable funds of this character from the trustee process, on grounds of public policy and strict justice.

Executors are made liable to the trustee process in Maine, Connecticut and Massachusetts, only by special acts of the legislature. Under the act of 1794, in Massachusetts, they were not liable, and the law was so held until changed by legislative enactment. Rev. Stat. ch. 109, sec. 62. The Massachusetts courts have refused to extend the power of the later statute to guardians, saying that they are not liable to the trustee process, the law standing in reference to them as it did before. *Gassett & als.* v. *Grout & Trustees*, 4 Met. 489 ; *Stills* v. *Harmon*, 7 Cush. 407.

There has been no demand on us previous to the suit. That we are entitled to it in legacies of this kind, see the remarks of the court, *Adams* v. *Barrett*, 2 N. H. 374 ; *Payne* v. *Smith*, 12 N. H. 38 ; *Miles* v. *Boyden*, 3 Pick. 213 ; *Prescott* v. *Parker*, 14 Mass. 428.

We admit, there are many devises of property made in such form that a demand is not necessary. Some of these cases have been referred to by the counsel of plaintiffs.

If trustees be liable here to any extent, they can be only for that part of the legacy due at the time of the disclosure ; and for such amount judgment could only go against them *de bonis testatoris*, less costs of trustees.

SARGENT, J. It is suggested in the brief of the trustees' counsel, that the service of the writ may not be sufficient in this case to warrant any judgment against the principal defendant. But no such question is raised in the case, or has been considered by us.

The objection, also, that the action was prematurely brought, cannot avail. It matters not, whether the estate of which the trustees were executors was so far settled as to make it certain whether the trustees would be chargeable or not when the writ was served. If, at the time of the disclosure, there proves to be anything due, that is sufficient. If the disclosure had been taken before the executors had settled the estate, and before they had been charged with any balance, as due to the principal defendant, they must, of course, have been discharged upon such disclosure. But the trustee will be charged or discharged, according as the facts exist at the time of the disclosure, and not at the time of the service of the writ.

It is common in our practice to summon individuals as trustees, where it is uncertain whether they will in the end be chargeable or not, and where, as the facts exist at the time of the service, they could not be

charged, and to have the action continued until such time as the liability of the trustee to the principal defendant is determined, and then to take his disclosure, and if chargeable hold the amount thus due upon the trustee process.

Neither is the objection that executors are not liable as trustees in any case well taken. Under the general laws of Massachusetts, Maine and Connecticut, it seems to have been held that executors were not liable as trustees; but special acts were soon passed making them liable in those States, the same as other individuals holding funds that belong to the principal defendant. But the general statutes in Massachusetts, and, we presume, in the other States mentioned, were essentially different from ours. There, the law only authorized the attachment in the hands of the trustee of the " goods, effects and credits" of the principal debtor, " entrusted and deposited in the hands of a stranger," and it was held that these terms did not apply to money in the hands of an executor. *Barnes* v. *Treat & Tr.*, 7 Mass. 271; *Brooks* v. *Cook & Tr.*, 8 Mass. 246.

But the terms of our statute authorizing the attachment of the goods, chattels, rights, and credits, in the hands and possession of the trustee, belonging to the principal defendant, is evidently broad enough to cover this case, and as our statute in this particular has remained unchanged since 1791, (see N. H. Laws of 1815 and 1830,) there has been no occasion here for any special acts making executors liable as trustees, as there was in other States, where their general statute was more limited than ours. *Adams* v. *Barrett*, 2 N. H. 374; *Davis* v. *Drew*, 6 N. H. 399.

It is said in *Beckwith* v. *Baxter & Tr.*, 3 N. H. 67, that an executor cannot be held as the trustee of one to whom a pecuniary legacy is bequeathed by the will of the testator. But this is stated solely upon the authority of the Massachusetts decisions, without noticing the difference in the statutes of the two States. But the case was decided upon another ground mainly, and this decision has never been relied on as an authority that executors cannot be charged as trustees under our statute.

It is also objected that the amount in the hands of the trustees, which is claimed as belonging to the principal defendant was placed there as a " trust fund" by the executrix, and that the executors are thus made the trustees for the defendant, by the will, in such a way that they cannot be holden by the trustee process. There is no doubt that such a bequest might be made. Executors may have duties assigned them which may constitute them trustees to all intents and purposes, without their being named as such, and when a trust fund is created in the hands of trustees for the benefit of a *cestui que trust*, the present legal estate is usually vested in the trustee, and he is to expend the income, or the principal, or both, in a particular manner, or to apply it at his own discretion, for the benefit of the *cestui que trust*, in which case, ordinarily, the trustee would not be liable upon the trustee process. *Carson* v. *Carson & Tr.* 6 Allen, 397.

But in this case the executors have no discretionary powers. They are not made the trustees of the defendant by the will, but the property,

whatever shall be left for the principal defendant, is given to him, his heirs and assigns forever, and the same is to be paid in ten equal parts, annually, by the executors. They having paid debts and legacies, and settled their account with the judge of probate, and the amount having been thus fixed and settled, which they held for the defendant, they have no discretion to exercise and are at liberty to exercise none, but are to pay over this sum according to the provisions of the will. Some part of the sum was due and owing at the time of the disclosure, and more will become due each year. The trustees are, therefore, chargeable upon their disclosure.

The plaintiff claims that the trustees should be now charged for the whole amount of their indebtedness, both present and prospective, to the principal defendant; that this judgment would transfer all the defendant's rights to the plaintiff, so that he would be entitled to receive of the trustees the several amounts as they become due, and when it was all due he might have an execution for the whole, the court staying execution upon the judgment until that time. And it is urged that the plaintiff ought not to be obliged to wait for his judgment until the whole becomes due, since the principal defendant may die, and if that should happen before judgment, and his estate be administered as insolvent, this money in the hands of the trustees would be thrown into a common fund for the benefit of all his creditors, and the plaintiff would lose his lien upon the same.

That would undoubtedly be so. But upon the same supposition of defendant's death and insolvency, how would it be if the plaintiff should now have his judgment against the trustees for the whole sum now due, and hereafter to become due? In such case, the plaintiff would not only get all that would have been paid to the defendant in his life time, but all that would otherwise have remained in the trustees' hands at his decease, and which in such case should go for the equal benefit of all his creditors. So that there would be greater danger in case of defendant's death, that the plaintiff would get more than belonged to him, by giving him judgment now for the whole amount, than there would be of his losing any of his rights by the other course, because the plaintiff is not obliged to wait and run any such risk of losing his lien upon the money in the hands of the trustees, because he may have judgment and execution now for the amount due at the time of the disclosure, or for the amount that shall be due according to the terms of the disclosure at the date of the judgment. But he cannot have judgment for any thing not due at the time the judgment is made up. The judgment is that the trustees are chargeable, and they will be chargeable for the amount due at the time the plaintiff has his judgment made up. This is provided for in sec. 10, chap. 208, Rev. Stat's. : "When the trustee is indebted to the principal defendant, and the term of payment has not expired, the court may suspend issuing execution against such trustee, as justice may require."

So, in the case before us, the trustees appear to be indebted to the principal defendant to a certain amount, a portion of which is not due, but portions of which will become due from year to year, for many years to come. Now, if the plaintiff shows that justice requires that his case

be continued from term to term, until the whole amount of his claim becomes due to the principal defendant, the court may, no doubt, grant him such continuances, and thus suspend the issuing of execution until that time, and thus give the plaintiff the benefit of the whole sum to be paid the defendant by the trustees.    But the plaintiff must run his risk of the death and insolvency of the principal defendant in the mean time, by which his suit against the defendant would abate, and he would be obliged to prove his claim against his estate before a commissioner, and the amount in the trustees' hands would thus become assets in the hands of an administrator, for the payment of all debts alike, against the principal defendant.

But the plaintiff is not compelled to take this course unless he chooses. He may take his judgment and execution at the next term after his disclosure, or at the same term, but all that his judgment can properly be made up or that execution can issue for, will be the amount due at the time of the judgment.

The trustees are therefore chargeable for such sum as shall be due at the time when plaintiff has his judgment made up.    The ruling of the court was correct.

*Exceptions overruled.*