SYLVESTER CUMMINGS *vs.* DARLING H. GARVIN and NATHAN DANE, trustee.

York, 1875.—June 13, 1876.

*Trustee process. Words.*

The words "effects and credits" as used in our trustee writs are sufficient to authorize the attachment of a legacy in the hands of an executor or administrator. R. S. c., 86, § 36, construed.

ON EXCEPTIONS.

ASSUMPSIT upon an account annexed to which no defense was made.

The contention was as to the liability of the alleged trustee. The writ was in the common form summoning the alleged trustee to appear and show cause why execution should not issue against his (the principal defendant's) goods, effects or credits in the hands and possession of him the said trustee. At the May term, 1875, the trustee disclosed that he was executor of the will of Eliza Marshall, in which was a legacy to Garvin, the principal defendant, of one hundred dollars, and that assets sufficient to meet the legacy had been reduced into money. The presiding justice adjudged him trustee, to which ruling the trustee excepted.

*J. Dane,* for the trustee.

*A. Low,* for the plaintiff.

WALTON, J. It was decided in *Barnes* v. *Treat,* 7 Mass., 271, that an executor could not be charged as the trustee of one to whom a pecuniary legacy was bequeathed by the will of the testator. But the law has since been changed, and a legacy due from

an executor or administrator may now be attached by trustee process. R. S., c. 86, § 36. And the only question to be decided in this case is whether it can be done under the old form of writ, which avers that the supposed trustee has in his hands "goods, effects, and credits" of the principal defendant, but makes no mention of the legacy as such. We think it can. It is true that in the case above cited the court expressed the opinion that legacies could not be regarded as goods, effects, or credits. But when the legislature afterwards declared that legacies might be attached by trustee process, and yet made no mention of any change in the form of the writ, we think it was equivalent to a legislative declaration that legacies should be regarded as included in one of those terms. And certainly it would be no very great stretch of the meaning of the word "effects" to hold that it includes a pecuniary legacy. It is certain that in many of the sections of the chapter on trustee process, the word "effects," or the word "credits,' must be construed as including legacies, or an executor, or administrator, when summoned as a trustee, will be deprived of very important rights to which others are entitled. So will the plaintiff in the suit. See §§ 23, 46, 64, 67, 73, 76. And we think the words "effects and credits," as used in our trustee writs, are sufficient, under our statute, to authorize the attachment of a legacy in the hands of the trustee.        *Exceptions overruled.*
*Trustee charged.*

APPLETON, C. J., BARROWS, VIRGIN, PETERS and LIBBEY, JJ., concurred.