BELLE I. BUTTERFIELD, by pro ami, In Error,

*vs.*

WILLIAM H. H. BRIGGS.

Penobscot.    Opinion August 10, 1898.

A writ of error can be issued only after final judgment when the only remaining step is execution.

A person summoned as trustee of the principal defendant and adjudged to be such trustee upon default is not thereby made subject to execution. He has no occasion for a writ of error until after judgment against him in the subsequent suit upon scire facias when he first becomes liable to execution.

ON EXCEPTIONS BY DEFENDANT.

This was a writ of error to set aside a judgment recovered in the Bangor Municipal Court, against the plaintiff in error on default as trustee.    The grounds upon which the suit was sought to be maintained are substantially as follows :—

In the action aforesaid the plaintiff in error, then a minor under the age of twenty-one years, was adjudged trustee on default in the sum of $15.00 debt or damage and costs of suit taxed to the amount of $6.38.

On August 14th, 1897, the defendant in error brought an action against one Rachel Tucker of Springfield, in the County of Penobscot, to recover for medical attendance rendered to said Tucker, and at the same time trusteed the plaintiff in error who owed said Tucker for board while teaching school in the town of Springfield.

Execution in the aforesaid case was issued and placed in the hands of a deputy sheriff for Penobscot County, who made a demand on the alleged trustee for the property of the principal defendant within thirty days after judgment of said court.

Payment was refused and a few days after the three months from the date of the issuing of said execution the same was returned to the court of issue in no part satisfied.

In accordance with the provisions of R. S., Chap. 67, scire facias was sued out against the said trustee and before disclosure of the

VOL. XCII.    4

said trustee on scire facias this writ of error was brought on the ground that said Belle I. Butterfield, who it was admitted was a minor, was injured by being adjudged trustee of said Rachel Tucker, because said Butterfield was not represented at said trial either by a guardian appointed by the probate court, or by a guardian ad litem, appointed by the judge of the Municipal Court of Bangor, but said judgment was rendered against her by default.

At the return term of this action the defendant in error filed a general demurrer to the plaintiff's declaration, which was overruled by the presiding justice, to which ruling the defendant excepted.

*E. C. Ryder,* for plaintiff.

A judgment against a trustee is a collateral judgment; it stands upon the same footing as any other judgment and can be vacated or avoided only by the same process which would reverse a principal judgment. The judgment recovered against the plaintiff as trustee in the suit of Briggs v. Tucker, is voidable and should be reversed, because no legal judgment can be recovered against a minor unless he is represented in court, either by a regular guardian appointed by the probate court or by a guardian ad litem; and it is the duty of the plaintiff in the suit, if he wishes to obtain a valid judgment against a minor, to see to it that a guardian ad litem is appointed, who, if he neglects to do so after appointment, will be duly summoned into court.

Trustee Process: A judgment in trustee process having been rendered and duly recorded, must stand until reversed by due course of law. *McAllister* v. *Brooks,* 22 Maine, 80. It can be vacated or avoided only by the same process which reverses the principal judgment. *Todd* v. *Darling,* 11 Maine, 34. Counsel also cited: *Wallace* v. *Blanchard,* 3 N. H. 395; *Middleton Paper Co.* v. *Rock River Paper Co.,* 19 Fed. Rep. 252; *Dennison* v. *Benner,* 36 Maine, 227; *Crockett* v. *Ross,* 5 Greenl. 443.

Guardian ad litem: *Stinson* v. *Pickering,* 70 Maine, 273; *Wakefield* v. *Marr,* 65 Maine, 341; *Crockett* v. *Drew,* 5 Gray, 399; *Swan* v. *Horton,* 14 Gray, 179; *O'Hara* v. *McConnell,* 93 U. S. 150; *Nelson* v. *Moon,* 3 McLean, 321. Effect of judgment against

an infant: *Farris* v. *Richardson*, 6 Allen, 118; *Johnson* v. *Water-house*, 152 Mass. 585; *Crockett* v. *Drew*, 5 Gray, 399; *Swan* v. *Horton*, 14 Gray, 179. Error will lie if no guardian be appointed: *Marshall* v. *Wing*, 50 Maine, 62; *Valier* v. *Hart*, 11 Mass. 300; *Tucker* v. *Bean*, 65 Maine, 352; *Austin* v. *Charlestown Fem. Sem.* 8 Met. 196; *Somers* v. *Rogers*, 26 Vt. 583; *Sargent* v. *French*, 10 N. H. 444; *Silver* v. *Sargent*, 1 Dall. 166; *Cook* v. *Adams*, 27 Ala. 294.

*A. S. Blanchard*, for defendant.

The minor has not been injured as alleged in the plaintiff's writ, because no personal liability arose whereby she might be injured; and hence no guardian was necessary. *Crockett* v. *Drew*, 5 Gray, 399; *Townsend* v. *Libbey*, 70 Maine, 163; 8 Am. & Eng. Ency. p. 110, (Note 2).

The writ of error was sued out prematurely as such writs are issued to reverse final judgments only. Shipman's Common Law Pleadings, (2nd. Ed.) p. 196. Am. & Eng. Ency. p. 813; *Lovell* v. *Kelley*, 48 Maine, 263.

A judgment rendered against a trustee by default is not a final judgment. 6 Am. & Eng. Ency. p. 813.

SITTING:   PETERS, C. J., EMERY, HASKELL, WISWELL, SAVAGE, FOGLER, JJ.

EMERY, J.   We think the issuance of this writ of error was premature. Such a writ is available only after final judgment when the only remaining step is execution. Stephen on Pleading, (Tyler's Ed.,) 142; Tidd's Practice, 1064; *Wallace* v. *Middlebrook*, 28 Conn. 464.

No final judgment for or against the plaintiff in error appears to have been rendered. In the proceedings described she was not summoned to answer to any claim of that plaintiff against her. Her default through non-appearance did not confess any such claim nor subject her to judgment therefor. The plaintiff in that suit obtained no judgment against her, but, as to her, only a judgment and execution against the defendant's goods, effects or credits in

her hands or possession. At the most, her default was only prima facie evidence against her that she had such goods, effects or credits in her hands or possession. It gave the plaintiff in that action no right to execution against her, but only the right to maintain, upon certain conditions and within a limited time, a suit by scire facias in which he may or may not recover judgment against her.

She has no occasion for a writ of error until after a judgment against her in a scire facias suit. That suit may not be brought, and if brought may not result in that judgment. *Townsend* v. *Libbey*, 70 Maine, 162; *Cairns* v. *Whittemore*, 88 Maine, 501; *Crockett* v. *Drew*, 5 Gray, 399.

*Exceptions sustained.*