## Hills & ux. v. Smith, and Janvrin, Trustee.

Under the trustee process a verdict was returned, and a motion made by the trustee to set it aside, and refused. A receiver was then appointed, who disposed of the property, and at a subsequent term a motion was again made for a new trial; *held*, that it was then too late.

Under such circumstances the court would interfere only by giving the proper direction to the proceeds of the property, care being taken to protect the receiver.

The issue under the trustee process whether, at the time of service, the supposed trustee "had any money, goods, &c. of the principal debtor in his possession," and the issue whether he "is chargeable," are substantially the same, and cover all modes of liability; and though the former is more usual in the first instance, the latter would be good after verdict.

Where, after disclosure, the plaintiff elects a trial by the jury, the court may direct either issue to be framed.

Upon the issue "whether chargeable," it is proper for the jury to return a special verdict, finding the mode of the trustee's liability, as that he had in his possession property of the principal debtor held as security.

A trustee is entitled to an allowance for the expense of keeping property found, by verdict, to be held by him as mortgagee; and where the property has been sold by a receiver, the just claim of the trustee must be ascertained before any disposition is made of the proceeds of the property.

The provisions of the Revised Statutes, ch. 208, §§ 28, 29, extend to all cases where the trustee is found liable beyond his disclosure, though he be chargeable only as having goods as mortgagee.

But if it should appear that the trustee is entitled to an allowance for keeping the property, sufficient to cover its whole value, whether he would then be liable for costs, even though, upon disclosure, he denied all liability, *quære ?*

Foreign Attachment. The trustee having discharged himself upon disclosure in this case, the plaintiffs elected a trial by the jury, and the following issue was made :

" And said plaintiffs say that the said Janvrin is chargeable as trustee of the said Hezekiah Smith, and this they are ready to verify, wherefore they pray judgment, &c.

" And the said George Janvrin says that the plaintiffs, their action aforesaid against him as trustee of said Smith, ought not to have or maintain, because, he says, that he is

not chargeable as trustee of Smith, and of this he puts himself upon the country."

The plaintiffs filed the following specification :

" The plaintiffs claim to charge the said trustee for a horse, wagon and harness, or the value thereof, transferred to said Janvrin, by a bill of sale, April 11, 1842, which was apparently absolute, but attended with a secret trust, and which was fraudulent and void as to creditors. In any event, the plaintiffs claim to charge the said trustee with the value of the aforesaid horse, wagon and harness, over and above the sum of $51,50, the amount of said Janvrin's liability for said Smith, at the time of said alleged sale."

Upon the trial of this issue, the jury returned the following verdict :

" The jury find that, at the time of the service of the plaintiffs' writ, and ever since, the said George Janvrin had, and still has in his hands and possession, one horse, wagon and harness, the property of said Hezekiah Smith, and the same are in his hands as security for the payment of fifty-one dollars and fifty cents, with interest thereon from April 12, 1842."

The counsel for the trustee moved to set aside the verdict on exceptions furnished. This motion was overruled. At the February term, 1847, the court appointed a receiver, to take and sell the property, and apply the proceeds to the payment of the $51,50, and interest found by the verdict to be due to the trustee from Smith, and to pay over the balance to the plaintiffs. At the September, term, 1847, the receiver returned that he sold the property for $80 ; that he tendered to the trustee the sum of $65,25, being the amount of the $51,50 and interest, and after deducting his fees, paid over the balance to the plaintiffs' attorney. At the same term of the court below, the trustee filed the following motion :

" The said Janvrin moves the court

1st. That he may be discharged from his supposed liability as trustee.

2d. If the court should not deem him entitled upon his disclosure and the verdict to be discharged, he moves that the issue between the plaintiffs and the said supposed trustee, may be found.

3d. He moves that he may be allowed the expenses of keeping the property ordered to be sold by the receiver, from the time when said verdict was rendered, amounting, (as he is prepared to show,) to $50, or from the time when the receiver.was appointed, amounting to $25.

4th. He moves for his costs in said action to be adjudged to him."

It was ordered that the questions arising upon this motion be assigned to the superior court for their determination.

*Marston*, for the plaintiffs.

*Bell* and *Tuck*, for the trustee.

WILCOX, J. The issue joined between the parties is, whether Janvrin is chargeable as trustee. And he objects that upon that issue he cannot be charged for goods which he holds as a mortgagee, or for a promissory note ; but that there should have been a special issue whether he held goods as mortgagee.

There is nothing in the statute prescribing the precise form of the issue to be joined between the creditor and the trustee. The trustee writ commands the sheriff to attach the money, goods, chattels, rights and credits of the principal debtor, in the hands of the trustee. Revised Statutes, ch. 182, § 15.

Chapter 208, § 5, declares that if the trustee do not appear, but makes default, the charge of his having in his possession money, goods, chattels, rights or credits of the prin-

cipal debtor to the amount alleged, shall be taken to be true.

Section 8 enacts that every person summoned as trustee, having in his possession, at the time of service, or after, before disclosure, any money, goods, chattels, rights or credits of the principal debtor, shall be adjudged trustee therefor.

Sections 11, 12 and 13 provide that if the trustee has in his possession goods of the debtor not subject to any lien, or if he is under contract for the delivery to the debtor of any specific articles, &c., the creditor is to have judgment for such goods or articles, and is the agent of the debtor to receive them, and may levy his execution thereon.

Section 15 provides that if the trustee holds a promissory note, &c., belonging to the debtor, the court may appoint a receiver to collect and apply the note, &c., to the payment of the debt.

Section 16 authorizes a receiver, when the trustee holds goods subject to pledge, lien, or mortgage, to sell the goods, pay the amount due the trustee, and apply the balance on the debt of the creditor.

These provisions indicate what is the charge made against the trustee in the writ, and which is taken to be true in case of his default. When he appears and denies his liability, the plea or answer which he makes must necessarily be such as to meet the charge in the writ. It is, therefore, usual for the trustee to plead that he had not, at the time of the service of the writ, nor has had at any time since, and has not now in his possession any money, goods, chattels, rights or credits of the principal debtor. This is the plea filed in the present case. That is the issue to be tried; and it, of course, embraces all modes of liability, whether as having money, credits, goods not subject to lien, a contract to deliver specific articles, a promissory note, or goods subject to mortgage, &c.; and in either event, the trustee is chargeable on this issue. If the question is, in the first instance, submitted to the jury, it is this issue, thus joined, that is to be

tried; and being general in its terms, the creditor is bound, under our practice, to specify to the trustee the particular grounds on which it is intended to charge him. *Wright* v. *Bosworth*, 5 N. H. Rep. 400.

As the law formerly stood, the plaintiff might take the disclosure of the trustee, or put the case to the jury, at his election ; but he could not do both, and was bound to make his election in the first instance. But by the Revised Statutes, ch. 208, § 28, it is provided that, upon disclosure made by any person summoned as trustee, the creditor may move the court that the question whether such person is trustee or not, be tried by the jury; and upon payment of the trustee's costs up to the time of filing such motion, unless the court shall restrict the same, an order shall be made and an issue framed for the trial of such question. This course was pursued in the present case, and the issue framed by order of the court was, whether the defendant was chargeable as trustee. This, though not in the precise language of the plea usually filed in such cases, that he had not, &c. goods, &c. of the principal debtor, is substantially the same, and it may be doubtful whether a plea that the person is not chargeable as trustee, might not be filed, in the first instance, although it does not follow so closely the language of the plea usually filed. If, however, issue, whether chargeable as trustee, should be joined, it would be clearly good after verdict. We do not think that, under the 28th section of the trustee law, the pleadings are necessarily changed. The parties may go to the jury upon the issue whether chargeable or not, or whether the defendant, on the day, &c., had in his possession any money, &c.; they are substantially the same, and cover all modes of liability on the part of the trustee. Perhaps the court, in directing an issue under this section, has the power, in its discretion, to direct one more special. But we see no reason why they may not direct the general issue alone.

The jury returned a special verdict, that the trustee, on

the day of the service of the writ, had, and still has in his possession a horse, &c., the property of the debtor, and that he held it as security.  They have departed from the phraseology of the issue submitted to them, and find rather the issue first joined.  But there is no difficulty in collecting the matter in issue from the finding.  As has been remarked, they are substantially one and the same thing; and when it is found as fact, that the trustee had the property in his possession as security, it follows, as a matter of law, that he is chargeable.  This form of verdict was rendered necessary by the provisions of the 16th section of the statute, which enacts that if the trustee has in his hands any personal property, subject to any pledge, &c., the court may appoint a receiver, whose duty it shall be, under the direction of the court, to sell the property, if a greater amount than the sum due can be obtained therefor, and after paying the amount of such pledge, &c., to apply the balance to pay the debt and costs recovered by the plaintiff, and the remainder to the principal debtor.  A general verdict upon this issue would have made the trustee chargeable at all events, whereas the property might not have been worth more than the amount of the debt due the trustee.  There are other cases where a special verdict is necessary, as where the debt of the trustee is immature, or he has in his hands goods not subject to lien, and which are to be delivered to the creditor or the sheriff having his execution ; or where he is under a contract to deliver specific articles ; or where he holds a promissory note.  In all these cases, the judgment and execution are in a special mode, and the facts must be found specially, for the protection of the trustee; but in all the charge in the writ is the same, the plea of the defendant is the same, and, of course, the issue on record is the same. There is nothing requiring the plaintiff to be more particular in his replication, which should maintain his writ, than in the writ itself, which is the foundation of the whole proceeding.

Hills *v.* Smith.

It may be remarked here that the motion of the trustee to be discharged, and for a new trial, comes too late. A verdict was returned, and a motion made to set it aside, and refused. Then a receiver was appointed, who disposed of the property; and at a subsequent term this motion, which we have been considering, was made. Under such circumstances, the court could interfere only by giving such a direction to the avails of the property sold by their order as justice might require. Care would be taken to protect the receiver.

The trustee further moves to be allowed for the expense of keeping the property. Ordinarily, the mortgagee is entitled, on redemption, to be allowed the expense of keeping the mortgaged property while he bears that expense. If he use the property, he is also chargeable with a fair conpensation for that use. So in case of a mortgage of lands, upon redemption an account is to be taken of the mortgage debt, of the rents and profits received by the mortgagee, and of all necessary expenses incurred in the proper care of the property. These matters must, therefore, be ascertained before the court can give any direction as to the avails of the property sold. The trustee also moves for his costs to be adjudged him. The 29th section of the law enacts that if, on trial upon an issue framed by order of court, after disclosure made, judgment shall be rendered against the trustee for a greater amount, or for other property, than he would have been chargeable for on his disclosure, judgment shall be rendered against him for costs also, including the costs paid to him by the plaintiff, upon his motion for an issue to the jury. In his disclosure, the trustee claimed the property as absolutely sold to him and paid for, denying all trust and right of redemption, and upon that disclosure he was not chargeable at all. Upon the verdict he is chargeable for property that he was not chargeable for on his disclosure. The result indicated by the statute must, therefore, follow, that the plaintiff recover of the trustee costs,

including the costs paid him on framing the issue, and, of course, the trustee can recover no costs. It is said, in argument by the trustee's counsel, that although by sections 28 and 29 of chapter 208, where there is a trial after a disclosure, and a verdict against the trustee, he is liable for costs as above stated, yet that those provisions do not extend to a case where the trustee is chargeable only as having goods pledged, because, in this case, there is no judgment against the trustee. We are, however, of the opinion that the provision extends to all cases where the trustee is found liable beyond his disclosure. He is liable for costs, in some cases, even when he has no property for which he can be charged, as when he has received a fraudulent conveyance, or holds lands by a title apparently absolute, but really as security. In such cases, there can be no judgment against him excepting for costs.

The property was sold by the receiver for more than the debt it was pledged to secure, and the trustee claims an allowance for the expense of keeping the property. If it should appear that the trustee is entitled to an allowance sufficient to cover the whole value of the property, and that he was so entitled when he made his disclosure, then another question would arise as to costs; as the trustee, although he mistook his title, would appear to have had nothing upon which the trustee process could attach. A receiver is not authorized to sell, unless he can obtain a greater amount than the sum due. How that fact is to be determined, we need not now consider. But if at the time of the disclosure, the property was worth more than the sum due, and by the delay an additional expense for keeping has been incurred, the equity of the case would be somewhat changed. But these are questions not presented by the case before us.