CLARK, Trusteeing Creditor of ROLLINS, *v.* ROBINSON, Executrix.

If a trusteeing creditor, who has presented the claim of his debtor against the deceased trustee, to the commissioner of insolvency on his estate, would avail himself, on appeal from the decision of the commissioner, of any ground for sustaining the claim, which would not be open to the debtor prosecuting the appeal in his own name, it is necessary for him to set forth, in his declaration, filed in pursuance of the statute on claiming the appeal, the facts which place him in the position to entitle him to that advantage.

An amendment of the declaration, filed on the appeal which introduces such facts, is admissible, and an amendment of the specification, which merely describes with more precision the claim presented to the commissioner, without adding a new claim, is also admissible.

Where the trustee dies before disclosure, and his administrator, being summoned in, makes disclosure, the trial by jury, had on appeal taken by the trusteeing creditor from the decision of the commissioner, disallowing the claim of the principal defendant against the estate of the trustee, takes the place of the trial by jury, at the election of the plaintiff, after disclosure directly under the trustee suit, and it is to be conducted according to the course prescribed for such trial, by the laws regulating the trustee process. Upon such trial, therefore, the principal defendant may be a witness, and any evidence is competent which would be admissible on trial of the question as to the liability of the trustee, directly under the trustee suit.

A separate trial may be ordered, in the discretion of the court, to determine the liability of the estate as trustee, from that which is to be had

on the appeal of the principal defendant in his own name, to determine the indebtedness of the estate to him; and it is good cause for allowing such separate trial, that the principal defendant may be a witness on the trial of the liability of the estate as trustee.

APPEAL from the decision of the commissioner of insolvency, on the estate of Jeremiah L. Robinsion, the defendant's testator.

On the 23d of June, 1851, the appellant, Clark, commenced a suit, by trustee process, against John Rollins, as principal defendant, and said Jeremiah, as his trustee, which action was duly entered, and said Jeremiah appeared, commenced a disclosure, which was continued at great length, and died without having signed or made oath thereto. The defendant, having been duly appointed his executrix, appeared in said action, completed, signed and made oath to a disclosure, annexed to and referring to said unfinished disclosure of Jeremiah. In October, 1854, the estate of said Jeremiah was represented insolvent, and said Clark presented to the commissioner of insolvency the claim of Rollins against the estate, on account of which he sought to charge Jeremiah as said trustee.

The claim was also presented by Rollins on his own account, and in both cases it was disallowed by the commissioner. Clark claimed an appeal, which was duly entered, and his declaration filed as follows: "State of New-Hampshire, Rockingham, ss. Joseph N. Clark, of, &c., complains against Irene Robinson, Ex'rx, &c., in a plea of the case for that said Jeremiah, at, &c., on, &c., then in full life, being indebted to one John Rollins, of, &c., in the sum of, &c., according to the account hereunto annexed, in consideration thereof then and there promised said Rollins to pay him, &c. Yet, though often requested, &c. To the damage of the said Rollins and said Clark in the sum, &c." The account annexed to the declaration specifies the same items as those contained in the account presented by Rollins to the commissioner as his claim, and

Rollins v. Robinson.

among them is one for merchandise received by said Jeremiah from Wm. Hoit, without stating the kind or quantity. Rollins also took an appeal and filed his declaration, and, as a defence in the case of both appeals, the defendant proposes to plead in bar certain releases executed by Rollins, and to file in set-off certain judgments recovered by Jeremiah against Rollins, before the commencement of the trustee suit, but after the debt of the plaintiff against Rollins had accrued. The appellant, Clark, moved : 1. For leave to amend the declaration by inserting the following : " And the plaintiff avers that in June, 1851, he commenced an action at law against said Rollins, as principal defendant, and said Jeremiah L. Robinson, as his trustee ; that said defendant and trustee appeared in said action, which is still pending against said Rollins and the estate of said Jeremiah, as his trustee ; that on the — day of October, 1854, the estate of said Jeremiah was duly rendered insolvent, and a commissioner appointed thereon ; that said Clark, by virtue of the pendency of the trustee suit, presented the account hereto annexed, to said commissioner for allowance, which was disallowed ; that the commissioner, made his report in due form to the judge of probate, who accepted the same, from which decision of the commissioner, disallowing said claim, and decree of the court of probate accepting the said report, the said Clark claimed an appeal, by reason whereof an action hath' accrued to said Clark as trusteeing creditor of said Rollins, to recover the amount of said account against said estate." 2. For leave to amend the account annexed, by giving a description of the kind and quantity of the merchandise, specified in the item, as received by Robinson from Hoit. 3. For a separate trial of the liability of the estate as trustee, on the appeal of Clark, from that had for determining the indebtedness of the estate, as between Rollins and the executrix. 4. For leave to introduce Rollins as a witness on said trial; and, 5. For leave to intro-

duce testimony to show that said judgments and releases are fraudulent, as to creditors of said Rollins, and void; and said motions were reserved for the consideration of the whole court.

*A. Wood,* for the appellant.

The declaration is amendable in the action, under the statutes of amendments. Comp. Stat., p. 488, secs. 10, 11.

The plaintiff is entitled to a trial by jury alone, regard-less of the appeal of any other person. His rights are different from those of Rollins, and he cannot, therefore, be joined with him in the trial. A defence that might be good against Rollins might not avail against Clark.

The plaintiff is entitled to the testimony of Rollins by statute. Comp. Stat., p. 530, sec. 24; p. 531, sec. 28. The releases and judgments do not estop Clark, and he is at liberty to show that they are void as to him, a creditor of Rollins. *Atkinson* v. *Allen,* 12 Vt. 619; *Anson* v. *Blaisdell,* Id. 165; *Smith* v. *Keen,* 26 Me. 411; *Carswell* v. *Carswell,* 28 Me. 232.

The principles involved in these motions have all been recognized in *Rollins* v. *Robinson,* 35 N. H. 381, and in *Chapman* v. *Gale,* 32 N. H. 141.

*Stickney,* for the appellee.

The first amendment proposed is based on the supposition that Clark has the right to prosecute a separate appeal, and have a separate trial in his own name, which is not true.

It appears from the case that Clark presented his claim to the commissioners, and took out his appeal and filed his declaration in his own name. His claim was the amount due from Robinson to Rollins, and contained the same items as the claim presented by Rollins.

Now we submit that Clark cannot present the claim to the commissioner, or take out and prosecute the appeal in his own name, but it must be done in the name of Rollins.

Clark's claim or right is similar to that of an assignee. *Clark* v. *Courser*, 29 N. H. (9 Foster) 173; *Chapman* v. *Gale*, 32 N. H. 141; *Clark, by Rollins*, v. *Robinson, Executrix*, 35 N. H. 381.

These decisions indicate clearly that the proceedings by a trusteeing creditor should be in the name of the principal debtor. It is his claim or debt that is to be recovered or sustained. If the amendment should be allowed as proposed, the appeal or declaration could not be sustained in Clark's name, as it is presented here. There is in fact no such appeal on the docket; all the appeals having been consolidated and merged into one, and that one in the name of Rollins.

2. The appellant is not entitled to a separate trial in this case.

In accordance with the suggestions of the court in *Rollins, by Clark*, v. *Robinson, Executrix*, the two appeals were, on motion, consolidated by the court at the October term, 1857, so that there is now but one appeal on the docket, and that is necessarily in the name of Rollins. The question involved in that appeal is, whether the account of Rollins against Robinson's estate is due, or any part of it? But there is to be only one trial and one judgment, and that judgment, if against the estate, is to be certified to the judge of probate, and entered on the list of claims against the estate.

There is no such thing known in practice as a separate trial by each party interested in a suit on a probate bond. The different rights of action are consolidated, for the purpose of avoiding a multiplicity of actions and trials.

So in appeals from reports of commissioners, where the several appeals are consolidated, all the pleadings and proceedings must necessarily be in the name of the principal, as the appeals cannot be consolidated, or merged in any other name. Each party interested, whether he acquired his right by virtue of the trustee process, or by an assignment or mortgage, has a right to appear and be heard, but

Rollins *v.* Robinson.

he is not entitled to a separate trial.  There is no more necessity for a separate trial in this case than in actions in the name of the judge of probate.  The court may give such instructions to the jury as may be necessary to protect the rights of all parties.  For instance, if it be alleged that the principal had given releases which may be good against him, but not good against his creditor or assignee, the court may submit such questions, or give such instructions to the jury, or make such order in the case as will secure the rights of all parties.

It is not understood that an assignee or mortgagee of a claim or account has a right to a separate action, or to a separate trial in the same action, and it is difficult to assign any reason why it is more necessary for a trusteeing creditor to have a separate trial.

The practice of having separate trials, if adopted, will subject the estate to two or more trials for the same cause of action, and will be likely to give rise to many difficult questions and much unnecessary litigation.  There being nothing, as we conceive, in the law or in the nature of the proceedings, requiring a separate trial, we think the court should not order it.

3. The appellant cannot use Rollins as a witness in any event.

He is a party in interest, and a party on the record, and by the general rules of evidence is excluded from being a witness, and he is not made a competent witness by any statute.

Section 28, Comp. Stat., p. 531, provides for a trial "upon disclosure made," and upon the trial so had the debtor may be a competent witness.

In no other case does the statute make the debtor a competent witness.  There was no disclosure made by the trustee in this case, and consequently the case does not come within the provisions of the statute.  The trustee commenced a disclosure, and answered many questions put

Rollins *v.* Robinson.

to him by the plaintiff, but the disclosure was never completed, and was never signed or sworn to by him. This clearly was not such a disclosure as the statute requires; it was in fact no disclosure at all, for the trustee had the right, after he had answered all the questions put to him by the plaintiff, to make any explanations of the answers he had given, and to state any additional facts affecting his liability as trustee, which were not called out by the questions of the plaintiff.

The summoning in of his executrix, and requiring her to make a disclosure and attach it to the disclosure commenced by the trustee, does not make a disclosure within the meaning of the statute, or cure the defect. All the transactions affecting the liability of the trustee took place between the debtor and trustee in his life-time, and are unknown to the executrix; and all she could state is what had taken place since her appointment. To hold that such disclosure comes within the meaning of the statute, and authorizes the debtor to be a witness, would place the parties on unequal terms, which the statute never contemplated. The same statute which makes the debtor a competent witness, also provides that the disclosure may be offered in evidence. Both parties, then, are witnesses, and stand in a measure upon equal terms; but to allow the debtor to be a witness when no disclosure of the trustee had been made, would be giving an undue advantage to the surviving party, which is against the policy of the law. It is well settled that in hearings before auditors, under the statute, one party cannot be a witness where the other party is dead; and in the act of June, 1857, allowing parties to be witnesses, exception is made where one party is administrator. There is strong reason for applying the same principle to cases like the present.

The appellant refers to *Chapman* v. *Gale*, in which the court say, " on the hearing before the latter," (the Commissioner) " he may avail himself of every advantage that

he could have upon the trustee process." We think this case does not favor the position of the appellant.

The trustee died without making a disclosure. In such case the Comp. Stat., p. 530, sec. 24, provide that if any person, summoned as trustee, shall die before disclosure made, his administrator may be summoned in and become a party, and *shall be liable* in the *same manner* as if *said action* had been *originally commenced against such administrator.*

Under this statute the appellant summoned in the executrix, and she became a party to the action. She then stood, under the statute, in the same position, with the same rights, and subject to the same liabilities, as she would if the action had been originally commenced against her after the death of the trustee.

What, then, were the rights of the plaintiff in that stage of the case, supposing the estate had not been represented insolvent, and the plaintiff had desired to prosecute the trustee suit in court?

The plaintiff had the election to put the executor to answer interrogatories under oath, as to the liability of the estate as trustee, or to try the question of her liability by the jury. Comp. Stat., p. 528, sec. 7. If he elects, in the first instance, to try the question by the jury, he cannot use the debtor as a witness on such trial. It is only where a disclosure has been made that the debtor is made a competent witness by the statute. If he takes her disclosure in the first instance, he may afterwards, perhaps, have a trial by jury as to the liability of the estate as trustee; but on such trial he cannot use the debtor as a witness, because it is not a case coming within the meaning of the statute. The executrix is not the trustee. The estate is the trustee, and she is the mere representative of the estate. All the facts and transactions which determine the liability of the estate as trustee, took place before the death of the trustee. She has no knowledge of those facts, and all she can state is what has taken place since

her appointment. Her statement, or disclosure, therefore, is in no sense such a disclosure as the statute contemplated, and cannot be considered or treated as such. The statute intended to make the debtor a witness only in case where the trustee had made a disclosure under oath, so that the disclosure of the trustee could go before the jury with the testimony of the debtor, thus placing the parties upon equal terms.

The appellant, therefore, may have, before the commissioner, and on the trial of the appeal, every advantage that he would have had if the estate had not been represented insolvent, and he had prosecuted the trustee suit in court. In neither case could he use Rollins as a witness. The court did not decide that the plaintiff would have every advantage that he would have had if the trustee had lived and completed his disclosure. By the death of the trustee, before disclosure, the plaintiff lost the advantage of making the debtor a witness.

A decisive objection to Rollins' being a witness in this case is that he is a party on the record. The appeal and proceedings, as we have seen, must be in the name of Rollins; he is, therefore, the party on the record, and liable for costs. The party in interest may be required to give security for costs, but the execution issues against the party on the record. It is not like a trial between the plaintiff and trustee, in which case the principal defendant is not a party, and is not liable for costs, and may be a witness upon being discharged by the plaintiff from his interest, in the event of the suit. *Wallace* v. *Blanchard*, 3 N. H. 395.

In this case the trial is between Rollins and the estate. Clark has a lien upon the claim to the amount of his debt, and has a right to be heard; but he cannot release Rollins from his liability for costs, and cannot, therefore, use him as a witness. But if Clark could discharge Rollins, as in *Wallace* v. *Blanchard*, we should still contend that he could

Rollins *v.* Robinson.

not be used as a witness, because, to admit him, would be placing the parties upon unequal terms, and giving to the surviving party an undue advantage. He should be refused for the same reason, that in hearings before auditors, the court refuse to admit one party to testify where the other cannot be a witness.

4. The necessity or propriety of the fifth motion is not understood; it is not understood how the court, in this stage of the case, can give him leave to introduce any testimony which he would not have a right to introduce on trial before the jury.

5. Leave to amend the items in the account, as requested, should not be granted. It is, in fact, a proposal to amend by adding claims or items which were not presented to the commissioner. This cannot be done.

It appears that Clark presented to the commissioner the same account which he annexed to his declaration, in which were several items " for merchandise," without specifying the particular articles of merchandise. The court cannot grant leave to amend the account or claim presented to the commissioner, and if the amendment be made as proposed, the account annexed to the declaration will be different from the account presented to the commissioner, and will contain items not contained in that account. Such an amendment cannot be made.

SAWYER, J. It is entirely immaterial in what particular form the appeal in this case is prosecuted, whether by Clark, in his own name, as appellant, or by him in the name of Rollins as appellant. In either view, the substance of the proceeding is the same, viz. : to determine how much, if any thing, there may be in the hands of the executrix for which the estate of her testator may be charged as trustee; and by proper subsequent proceedings to determine the amount which is to be added to the list of claims on account of this liability, as Clark's claim on this ac-

count, against the estate. In either view, the first amend-
ment is necessary, if Clark, prosecuting the appeal, whether
in his own name or in that of Rollins, would avail himself,
on the trial which may be had to establish an indebted-
ness of the estate for which the executrix may be charged
as trustee, of any advantages which the law may give him
beyond such as Rollins might claim for himself if he were
prosecuting the appeal for his own benefit. The first
question then, to be considered, is, whether on the trial of
this appeal by Clark he may be entitled to any advantages
as trusteeing creditor of Rollins which are denied to Rol-
lins himself. If so, then the amendment is or may be
necessary in order that it may properly appear upon the
record that he is in a position to entitle him to those ad-
vantages; and if it may be necessary, there is no just
ground for denying it. To determine this question, it is
only necessary to look to the position in which he stands
in reference to this proceeding on the appeal, and the re-
lation which this bears to the trustee suit. When the pro-
ceedings in the trustee suit were arrested in the Court of
Common Pleas, by the death of Robinson and the admin-
istration of his estate in the insolvent course, nothing
further could be done, consistently with the laws, relative
to the settlement of insolvent estates in that suit, under the
laws regulating the trustee process, towards the determin-
ation of the question whether the estate was so indebted
to Rollins that it, in the hands of the executrix, could be
charged as his trustee, unless judgment against the estate as
trustee could be obtained in the due course of proceedings,
in accordance with the laws regulating trustee process be-
fore the expiration of the time limited in the commission for
allowing claims against the estate. Even if judgment could
be so obtained, the only mode in which it could be enforced
would be by having it allowed and placed upon the list of
claims. If it could not be so obtained before the expira-
tion of the commission, the only course left to the creditor

was to move for a stay of proceedings in that court, and to present the claim, on account of which he is seeking to charge the estate as trustee, and prosecute it to a final determination before the commissioner, and on appeal in this court, in the mode prescribed by law, for the allowance of claims against insolvent estates. The right of a trusteeing creditor in such case to charge an estate administered in the insolvent course, as the trustee of his debtor, can be tried in no other way than by presenting it to the commissioner, because in no other way can it be placed upon the list of claims and taken into account in the necessary subsequent proceedings for distributing the assets among the creditors. When, therefore, the plaintiff in this case was driven to abandon the course of proceedings prescribed by the laws regulating the trustee process for establishing his right as trusteeing creditor, and to adopt in their place those prescribed for the allowance of claims against insolvent estates, he did not thereby lose any of the rights which the former were designed to secure to him, so far as the latter are capable of being moulded to meet his case. The trial by jury, upon the appeal, takes the place of the trial by jury at the plaintiff's election in the trustee suit, and it is for the same object, and to have the same effect as that, viz., to determine the questions whether the estate is or not chargeable as trustee, and if chargeable for how much? The fact that, in order to enforce his claim, when the liability of the trustee is determined, by having it placed upon the list of claims, it is necessary for him to come to the trial by jury through this particular channel, to wit, the decision of the commissioner and the appeal therefrom, instead of coming to it directly at his election upon the disclosure, in no way modifies his rights as trusteeing creditor, or the course of proceedings on the trial for establishing his rights. The whole doctrine of the cases, *Chapman* v. *Gale*, 32 N. H. 141, and *Rollins* v. *Robinson*, 35 N. H. 381, is based upon this view. To

hold otherwise, would be to render his right to present the claim to the commissioner, and to prosecute the appeal, a mere mockery, except in cases where the only question involved is the state of accounts between the principal defendant and trustee, as they would be exhibited in a suit between themselves. Where the plaintiff is seeking to charge the trustee upon other grounds than the existence of a liability to the principal defendant, which is valid as between them, as in the case of proceedings which constitute, in law or in fact, a fraud upon creditors, or of payments made subsequently to the service of the writ, it would be idle to send the plaintiff with his claim in the name of the principal defendant to the commissioner, and thence by appeal to a trial by jury in this court, if, on the trial, he is to be held to prove his case as Rollins would be held to prove it on *his* appeal. In order, therefore, that it may appear upon what grounds the plaintiff stands, which may thus govern the course of the trial, the declaration should allege the state of facts constituting the peculiarity of his position, to wit, the institution and pendency of the trustee suit, the death of the trustee before judgment, the decree of insolvency, the presentation of the claim to the commissioner, its disallowance and the appeal. These facts being alleged, an issue is then to be framed, raising the question of the liability of the estate as trustee, and the trial is to proceed in the course prescribed by the laws regulating trustee process for a trial by jury, at the election of the plaintiff in the trustee suit, as an incident to that suit, and also as an incident to the proceedings for ascertaining the claims against the insolvent estate. That the trial is had in one court, while the suit may be pending in another, will occasion no insuperable difficulty in the way of carrying out these views. Proper proceedings may readily be adopted, in such case, for giving to the trial the double effect of establishing the liability of the trustee under the suit, and determining the

amount of the claim to be added to the list of claims on account of it. Thus, upon its being established by the verdict in this court on the appeal, that the estate is charge-able, and for how much, this being certified to the court in which the action is pending, takes the place, under the suit, of the verdict on that issue in that court, and judg-ment being rendered thereon, with an order to stay exe-cution against the estate as trustee, until a dividend is declared on the claims in the probate court, and then to issue only for the dividend declared on this claim, the amount of the judgment certified to this court will consti-tute the amount of the claim to be added to the list.

It results, from these views, that any testimony which would be competent on a trial had at the election of the plaintiff directly under the trustee suit, if it were had be-tween him and the administrator of the estate, not repre-sented insolvent, as trustee, would be admissible here. If, on such trial, the plaintiff should lay the proper founda-tion for such evidence, by showing himself to be a *bonâ fide* creditor of the principal defendant, he would be in a position to impeach any transaction, between the principal defendant and trustee, which in law or in fact was a fraud upon creditors, and claims growing out of such fraudu-lent proceedings would not be allowed, to the prejudice of the plaintiff, in set-off to the claim which might be shown to exist in favor of the principal defendant against the trustee. Any release of the claim, by the principal de-fendant to the trustee, made subsequently to the service of the writ, or, if prior, upon an agreement in fraud of cred-itors, would, upon the same ground, be void as to the plaintiff, though it might be good as between the parties.

The question whether, upon the trial, the plaintiff can introduce the testimony of the principal defendant de-pends upon sec. 28, chap. 208 of the Rev. Stat. 421. It provides that, upon disclosure made by any person sum-moned as trustee, the creditor may move the court that

Rollins *v.* Robinson.

the question whether such person is trustee or not, be tried by the jury, and upon payment of the trustee's costs up to the time of filing such motion, unless the court shall restrict the same, an order shall be made, and an issue framed for the trial of such question; and on such trial, the disclosure so made, and any other competent evidence, may be offered, and judgment shall be rendered on the verdict, as in other cases against trustees. In any such case the debtor may be a competent witness.

This case is clearly within the spirit—I think it fairly within the terms—of this section. If the suit had proceeded, in the first instance, against the executrix, as trustee, there would seem to be no room for doubt, that upon her making the disclosure which she has now made, the case would have been within the letter and reason of the enactment. To hold that the case of an administrator, summoned as trustee, is impliedly excepted from the operation of the statute, on the ground suggested in the argument, that if held to be within it, an undue advantage is given to the plaintiff over the administrator, who must be supposed to have no personal knowledge of the facts, would make the main object, at least one object of the act, the ground of the exception from its operation. The purpose of the statute is to give to the plaintiff an opportunity, by trial before the jury, to show the facts when they are not within the personal knowledge of the trustee, no less than when being known to him he may be disposed to misrepresent them. One reason why the statute gives him the right to a jury trial, after disclosure, is because, upon the disclosure being made, it may appear that the trustee has no knowledge of the facts upon which his liability depends; and as they must be supposed to be within the knowledge of the debtor, it transfers the question, at the plaintiff's election, from the court, upon the disclosure, to the jury, upon the debtor's testimony and other competent evidence. Whether the administrator be summoned

as trustee in the first instance, or be cited in upon the death of the trustee, before disclosure, his rights and liabilities are the same. Rev. Stat., sec. 24, chap. 208, p. 421. The disclosure of the executrix then, in this case, must be held to be the disclosure of a party summoned as trustee, within the meaning of section 28. When made it gave the plaintiff the right to elect a trial by jury of the question of her liability as trustee, and this election was substantially made by the motion for a stay of proceedings in the suit, and for leave to carry the question to the commissioner, and, if it should become necessary by his adverse decision, to a trial by jury, in this court, on appeal. The plaintiff stands precisely in the position contemplated by the statute, that of a trusteeing creditor, who, having taken the disclosure of the trustee, presents the question of his liability, not to the court upon the disclosure, but to the jury upon all such evidence as may be competent on a trial by jury for that purpose; and his motion to stay proceedings in the suit, and for leave to present the claim to the commissioner, is none the less an election of a trial by jury, because he cannot obtain it directly, and without intermediate proceedings, consistently with the laws relative to the settlement of insolvent estates, but must arrive at it in the more circuitous method through the commissioner, and an appeal from his decision. The principal defendant may, therefore, be a witness, and the disclosure of the executrix is competent evidence on the trial in this case, as in the ordinary case of a trial of the trustee's liability by the jury, at the plaintiff's election after disclosure.

Upon the question of a separate trial of the appeal, for determining the liability of the estate as trustee, from that which may be had for determining the indebtedness of the estate to Rollins, as between him and the executrix, it is clearly within the power of the court to order it. It is a matter entirely within its discretion. It is obvious that if two causes, such as that prosecuted by Clark in the name

of Rollins, and that prosecuted by Rollins on his own account, standing as they do upon entirely different grounds, and sustained as each may be by testimony inadmissible in the other case, should be tried together before the same jury, injustice might be done to one of the parties. The fact that Rollins may be a competent witness upon the trial of the liability of the trustee, would seem to be sufficient ground for allowing a separate trial upon the motion of either party, as his testimony, given on the trial of that issue could hardly fail to influence the jury in his favor, or to his prejudice, in weighing his case against the executrix. The remaining question is, whether an amendment of the account annexed to the plaintiff's declaration, is admissible, which describes the merchandise, set down in the account as merchandise received by Robinson from Hoit, without stating the kind or quantity. An amendment which should introduce into the account other articles than those covered by the general description, would be inadmissible. This proposes to give a more specific and particular description of the articles mentioned in the account as merchandise received from Hoit. It does not add to the account any subject of claim not before embraced in it, but merely defines and specifies, with more precision, one already included, and, if necessary to be made, it would seem to be admissible.