Strafford,
June 2, 1953. } No. 4195.

WENTWORTH BUS LINES, INC.

*v.*

ETHEL T. WINDLE *& a.*

*Burns, Calderwood & Bryant* (*Mr. Bryant* orally), for the plaintiff.

*William H. Sleeper* and *Wayne J. Mullavey* (*Mr. Mullavey* orally), for the defendant.

*Ovila J. Gregoire* (by brief and orally), for the trustee.

KENISON, C. J. By statute the Superior Court has been given authority to promulgate rules of practice generally and with specific reference to trustee process. R. L., *c.* 370, *s.* 8; R. L., *c.* 412, *s.* 47. By rules of long standing it has always been required that trustees' disclosures shall be filed within a definite time limit. Rule 59 in 71 N. H. 685; rule 58 in 78 N. H. 698; rule 63 in 93 N. H. appendix and rule 63 in 94 N. H. appendix. The latter rule which is presently in force applies to the present proceedings and reads as follows: "Trustee disclosures must be filed within sixty days after the return day at which the action is entered. Upon failure so to file such disclosure, the trustee shall be discharged and the clerk shall so notify all parties and the trustee. The court upon motion and for sufficient cause shown by affidavit may extend the time for taking the disclosure. Trustees will be allowed costs as a party until

the question of their liability is determined, if they enter an appearance."

The plaintiff has the burden of establishing the liability of the trustee. *Ladd* v. *Gale*, 57 N. H. 210, 211. The rule requires the clerk of court to notify all parties that the trustee has been discharged if the disclosure is not filed on time unless the Court grants further time for the disclosure for sufficient cause shown by affidavit. *Palmer* v. *Company*, 79 N. H. 28, 30. That the primary duty to file the disclosure is placed on the plaintiff rather than the trustee is further indicated by R. L., *c*. 412, *ss*. 10, 11, which provides that the trustee's default is conditional and becomes final only "after such notice as the court . . . may order." See also, R. L., *c*. 412, *s*. 48. In the present case the plaintiff's motion to extend the time for taking the trustee's disclosure was not filed until approximately nine months after service on the principal defendant and after the trustee had been discharged. We find nothing in the record and the exhibits to indicate that the motion to extend the time should have been granted as a matter of law. *Whitcomb* v. *J. J. Quinlan & Co.*, 75 N. H. 429. The trustee has done nothing which may be considered inequitable as against the plaintiff which would require any different result. *Protective Check Writers Co.* v. *Collins*, 92 N. H. 27; *Consolidated Rendering Co.* v. *Smith*, 94 N. H. 304.

When the defendant sold the franchise of its bus line to the trustee, the sale was subject to certain necessary contingencies which included the approval of the Interstate Commerce Commission, the Public Utilities Commission of Maine and the Public Service Commission of New Hampshire. The sale was also subject to the revocation of a competing franchise to operate over the same or a similar route by one Marshall. The approval of the Interstate Commerce Commission and the state commissions was obtained on various dates in 1947, 1948 and 1949. During this period the trustee was operating the bus line as agent for the defendant and there was an operational loss of $12,479.61. See 30 N. H. P. S. C. R. 144-152. The Court approved the finding of the auditor that this operational loss was to be deducted from the sale price of the franchise leaving a balance due from the trustee to the defendant of $3,720.39. This ruling is substantiated by the record and exhibits. The plaintiff's rights could rise no higher than the defendant's rights against the trustee. *Carter* v. *Webster*, 65 N. H. 17. As the first trustee process was properly

discharged and since the second trustee process on October 9, 1948, was subsequent to the three agreements for the sale and operation of the bus line franchise executed in 1947, the plaintiff can recover no more than the trustee owed the defendant. The "plaintiff in trustee process proceeds against the trustee upon the strength of the defendant's right and title, and in the absence of fraud can recover only what the defendant could against the trustee." *Martin* v. *Whitney*, 74 N. H. 505, 507.

The ruling that the trustee is chargeable only for the amount of $3,720.39 due from the trustee to the defendant is affirmed and the order is

*Exceptions overruled.*

GOODNOW, J., did not sit: the others concurred.