Hillsborough-southern judicial district
No. 94-529

## KEY BANK OF MAINE

### v.

## JOHN H. LATSHAW, SR. & a.

February 7, 1996

*Wadleigh, Starr, Peters, Dunn & Chiesa,* of Manchester (*Robert E. Murphy, Jr.* on the brief and orally), for the plaintiff.

*Sanders and McDermott,* of Hampton (*Lawrence M. Edelman* and *Patricia M. Weathersby* on the brief, and *Mr. Edelman* orally), for the defendants.

JOHNSON, J. The plaintiff, Key Bank of Maine (the bank), appeals the ruling by the Superior Court (*Dalianis,* J.) that pursuant to the trustee process charging statute, RSA 512:20 (1983), defendant Muriel-Louise Latshaw-Smith, as trustee for the Fairfield Gardens Realty Trust, cannot be held personally liable for funds transferred to defendant John H. Latshaw, Sr., the trust beneficiary, after the filing of a trustee disclosure. The defendants jointly filed a cross-appeal, arguing primarily that the trial court erred in rejecting

their contention that Latshaw-Smith may only be charged for property in her possession at the time of service of the writ up to the date of disclosure. We affirm in part, reverse in part, and remand.

Latshaw-Smith is the trustee of the Fairfield Gardens Realty Trust, a non-discretionary trust established to hold legal title to certain real estate for the benefit of defendant Latshaw. Prior to commencement of the present action, the superior court issued a judgment against Latshaw in favor of the bank. The Superior Court (*Hollman*, J.) granted the bank's petition to attach with notice, and a writ of attachment was subsequently served on the defendants on November 24, 1992. On December 11, 1992, Latshaw-Smith executed and delivered her trustee disclosure, *see* RSA 512:12 (1983), stating that at the time of service of the writ of attachment, she had no "money, goods, chattels, rights or credits of . . . John H. Latshaw, Sr. in [her] hands or possession." The bank subsequently filed the disclosure on December 18th. On or about January 29, 1993, the City of Dover issued a property tax refund check in the approximate amount of $14,000 to the order of Latshaw-Smith, as Trustee of Fairfield Gardens Realty Trust. Latshaw-Smith subsequently endorsed the check over to Latshaw as trust beneficiary.

The bank filed a motion to charge the trustee and impose individual liability on Latshaw-Smith, *see* RSA 512:20, for the amount of the tax refund. The Superior Court (*Dalianis*, J.) charged Ms. Latshaw-Smith for the amount of the check in her capacity as trustee, but refused to allow the bank to reach her personal assets. This appeal and cross-appeal followed.

*I. Personal Liability of the Trustee*

The bank argues that the trial court erred as a matter of law in ruling that Latshaw-Smith, as trustee, was not personally liable under the trustee charging statute, RSA 512:20, for the amount of the check transferred to Latshaw. We will not disturb the findings of the trial court unless they lack evidentiary support or are erroneous as a matter of law. *See Belletete's, Inc. v. Aldrich*, 117 N.H. 780, 782, 378 A.2d 1373, 1375 (1977).

It is well settled that "the remedy of the plaintiff, if the trustee neglects or refuses to deliver the goods for which he is adjudged chargeable, is not in following the goods but in a personal judgment against the trustee." *Corning v. Records*, 69 N.H. 390, 398, 46 A. 462, 466 (1898) (applying prior law); *see also* 4 R. WIEBUSCH, NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE § 597, at 374 (1984). We recognize that a trust beneficiary can proceed against a trustee personally for breach of

his or her fiduciary duty. *See Miller v. Pender*, 93 N.H. 1, 6, 34 A.2d 663, 667 (1943). Likewise, a plaintiff in a trustee process action, because he proceeds against the trustee upon the strength of the defendant's right and title in the *res, see, e.g., Corning*, 69 N.H. at 397, 46 A. at 466, can proceed against the trustee personally. Therefore, we agree with the plaintiff that the trial court erred as a matter of law with respect to the personal liability of the trustee, and hence we reverse this ruling. To hold otherwise would be to frustrate the purpose of RSA 512:20; namely, by leaving plaintiffs without a remedy and allowing trustees to ignore a writ of attachment with impunity.

## II. Duration of Trustee Liability — RSA 512:20

The defendants, in their cross-appeal, argue that under the general charging statute, RSA 512:20, the trustee is chargeable for property in his or her possession from the time of service of the writ of attachment only up to the filing of the disclosure. Therefore, they argue, Latshaw-Smith is not chargeable for the tax refund as it became trust property after filing of the disclosure. RSA 512:20 states that

> [i]f, upon depositions in the case, or, if there is a trial by jury, upon the verdict of the jury, it appears that the trustee had in his possession at the time of the service of the writ upon him, or at any time after, any money, goods, chattels, rights or credits of the defendant not exempted from trustee process, he shall be adjudged chargeable therefor.

The superior court ruled that, looking at the plain meaning of the statute, a trustee is chargeable for assets coming into the trust *res* any time after service of the writ.

Because there has been little case law on this matter during this century, we take this opportunity to clarify the law with respect to charging a trustee pursuant to RSA 512:20. *See also Hills v. Smith*, 19 N.H. 381, 385 (1849) (applying prior law) (the issue of whether the defendant is chargeable as trustee is substantially the same as the determination of the amount of chargeable assets in his possession).

■■ After the plaintiff has served the trustee with a writ of attachment, *see* RSA 512:3 (1983), the plaintiff must obtain a statement from the trustee, under oath, stating whether he holds any assets of the principal debtor. *See generally* RSA 512:12, :17 (1983). This is accomplished by either delivery and execution of a "disclosure of trustee" form, or arranging for a deposition of the

trustee. *See generally* 4 WIEBUSCH, *supra* §§ 625–26, 631, at 391–92, 394. Once the disclosure form or signed deposition transcript has been completed, the plaintiff files it with the court along with a motion to charge pursuant to RSA 512:20. 4 WIEBUSCH, *supra* § 634, at 395–96. "[T]he primary duty to file the disclosure is placed on the plaintiff rather than the trustee." *Wentworth Bus Lines v. Windle*, 98 N.H. 234, 236, 97 A.2d 228, 229 (1953). Superior Court Rule 86 mandates that where, as here, a writ of summons has been entered in court, the trustee disclosure must be filed with the court within sixty days of the return day, or the trustee, upon motion, will be discharged. There is no dispute in this case that the disclosure was timely filed.

■ Our charging statutes at one time unambiguously terminated trustee liability at the time of disclosure. *See* RS 208:8 (1842) (revised 1867) (trustee is chargeable for assets in his possession at any time after the service of the writ "and before his disclosure"). Even though the statute was subsequently amended, this court has stated that while the charging statute determines chargeability from "the time of the service of the writ upon him, or at any time after," when the entire trustee process statute is taken as a whole, it continues to reach those assets coming into the trust from service of the writ up to disclosure/deposition. *See Gove v. Varrell*, 58 N.H. 78, 79 (1877) (applying prior law).

Therefore, once the disclosure has been filed with the court, and, absent any action by the plaintiff at that time to challenge its contents, the trustee is chargeable for trust assets in his or her possession from the time process is served up to the time of the filing of the disclosure. *See, e.g., Steer v. Dow*, 75 N.H. 95, 96, 71 A. 217, 218 (1908) (applying prior law).

■ A plaintiff can preserve his right not to be bound by the disclosure in a number of ways. In *Palmer v. Noyes & Trustees*, 45 N.H. 174 (1864) (applying prior law), we recognized that while usually a trustee is to be charged according to the facts that exist at the time of disclosure,

> [i]t is common in our practice to summon individuals as trustees, where it is uncertain whether they will be in the end chargeable or not, and where, as the facts exist at the time of the service, they could not be charged, and to have the action continued until such time as the liability of the trustee to the principal defendant is determined, and then to take his disclosure, and if chargeable hold the amount thus due upon the trustee process.

*Palmer,* 45 N.H. at 178-79. Thus, we find that the plaintiff has the option, when filing the motion to charge in conjunction with the filing of the disclosure, to limit the force of the disclosure until such time as the amount of the liability becomes clear. *Cf. Protective Check Writer v. Collins,* 92 N.H. 27, 29 (1942) (stating in dicta that a trustee is chargeable for property coming into his possession within the time his liability is determined); *cf. Phelps v. Schmuck,* 100 P.2d 67, 69 (Kan. 1940) (pursuant to a specific statute, a plaintiff is bound by the disclosure in determining chargeability absent a challenge to its content).

■ In addition, the trustee process statute gives either party the option to contest a trustee's liability by moving for a jury trial on that issue. *See* RSA 512:18 (1983). We have stated that if a plaintiff challenges the disclosure under RSA 512:18, "it transfers the question, at the plaintiff's election, from the court, upon the disclosure, to the jury, upon the debtor's testimony and other competent evidence." *Rollins v. Robinson,* 37 N.H. 579, 593 (1859) (applying prior law). Therefore, the term "jury trial" (or if the parties so choose, a formal bench trial) in RSA 512:20 refers not to a trial on the merits of the debt owed by the principal debtor to the plaintiff, but rather a jury trial on the amount of trustee liability pursuant to RSA 512:18. Indeed, the plain meaning of the phrase "upon depositions in the case, or if there is a trial by jury, upon verdict of the jury" states a choice, specifically, that a trustee is chargeable any time after the service of the writ until either filing of the disclosure, or, if liability is contested, up to a determination of the issue.

■ Consequently, after examination of the trustee process statute as a whole, *see State v. Farrow,* 140 N.H. 473, 475, 667 A.2d 1029, 1031 (1995) (this court examines specific statutes "not in isolation, but in the context of the overall statutory scheme"), we interpret the phrase "at the time of the service of the writ upon him, or any time after" in the general charging statute, RSA 512:20, to mean from the period of the service of the writ until: (1) the filing of an unchallenged disclosure or deposition by the plaintiff; or (2) the court's determination of liability after a contested disclosure/deposition pursuant to a motion to charge; or (3) a jury verdict or bench ruling pursuant to RSA 512:18.

■ Resolution of the matter at hand should simply involve the application of the law set forth above to the facts of this case. We are, however, unable to determine whether the plaintiff properly challenged the trustee's disclosure such that Latshaw-Smith would

be clearly chargeable for the $14,000 check transferred to Latshaw. The plaintiff's motion to charge alludes to the fact that the parties waived jury trial under RSA 512:18 in favor of a court determination of liability. Because we decide this matter on stipulated facts, however, we are unable to verify this on the record.

■ We note that upon remand the superior court should determine the circumstances surrounding the tax refund claim. RSA 512:20 states that a trustee is chargeable for all "rights and credits" in his or her possession. When such a claim, right or credit exists and is not contingent, *cf. Bucklin v. Powell*, 60 N.H. 119, 122–23 (1880) (unliquidated claims are not reachable by the trustee process), but remains uncollected, the trustee still has a duty to disclose its existence. The trustee, however, is under no obligation to compel delivery if payment is not yet due. *See* 4 WIEBUSCH, *supra* § 610, at 382–83. RSA 512:37 (1983) provides for a statutory stay of proceedings, if necessary, when "the trustee is adjudged chargeable for any liability not due or payable." Therefore, the trustee is chargeable if a claim, right, or credit existed and was not contingent at the time of disclosure. *Cf. Palmer*, 45 N.H at 178 ("If, at the time of disclosure, there proves to be anything due, that is sufficient.").

We therefore reverse the order of the trial court holding that the trustee is chargeable for the $14,000 tax refund check and remand for a determination of trustee liability consistent with this opinion.

■ The defendants also appealed the trial court's rulings with respect to the applicability of RSA 512:9-b (1983) (charging financial institutions as trustee) to individual trustees such as Latshaw-Smith. After a review of the record, we find that these arguments are without merit and warrant no further discussion. *See, e.g., Vogel v. Vogel*, 137 N.H. 321, 322, 627 A.2d 595, 596 (1993).

*Affirmed in part; reversed in part; remanded.*

BRODERICK, J., did not sit; the others concurred.