**In re MANTER CORPORATION,**
**Debtor.**

**Edmond J. Ford, Trustee, Plaintiff,**

**v.**

**Norman Ballard; Doris Ballard; Ballard Enterprises, Inc.; City of Manchester, New Hampshire; State of New Hampshire Department of Health and Human Services; United States of America; Alice Manter, a/k/a Alice Kubisek; Donald I. Manter; Richard Brennan; and Susan Brennan, Defendants.**

Bankruptcy No. 98–11772–MWV.
Adversary No. 99–1030–MWV.

United States Bankruptcy Court,
D. New Hampshire.

Aug. 27, 1999.

Dennis Bezanson, Portsmouth, NH, for plaintiff.

Donald F. Hebert, Hebert & Uchida, PLLC, Concord, NH, for Doris Ballard, Norman Ballard and Ballard Enterprises.

Stacey L. Sweet, State of New Hampshire, Child Support Legal Office, Concord, NH, for State of NH Dept. of Health & Human Services.

Alexander S. Buchanan, Jordan, Maynard & Parodi, PLLC, Nashua, NH, for Alice Manter.

Geraldine Karonis, Manchester, NH, for U.S. Trustee.

### ORDER ON MOTION FOR SUMMARY JUDGMENT AS TO ALICE MANTER a/k/a ALICE KUBISEK

MARK W. VAUGHN, Chief Judge.

The Court has before it the motion for summary judgment brought by the Trustee against the Defendant, Alice Manter,

a/k/a Alice Kubisek, and the Defendant's cross-motion for summary judgment.

The Trustee's motion seeks summary judgment in his favor on Count X of the amended complaint on the grounds that (1) the Defendant's trustee process is invalid; and (2) in the alternative, that even if the trustee process is valid, the bankruptcy estate and the Internal Revenue Service ("IRS") take precedence to the extent of $66,687.79.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

Under Rule 56(c) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, a summary judgment motion should be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." "Genuine," in the context of Rule 56(c), "means that the evidence is such that a reasonable jury could resolve the point in favor of the nonmoving party." *Rodriguez–Pinto v. Tirado–Delgado*, 982 F.2d 34, 38 (1st Cir. 1993) (*quoting United States v. One Parcel of Real Property*, 960 F.2d 200, 204 (1st Cir.1992)). "Material," in the context of Rule 56(c), means that the fact has "the potential to affect the outcome of the suit under applicable law." *Nereida–Gonzalez v. Tirado–Delgado*, 990 F.2d 701, 703 (1st Cir.1993). Courts faced with a motion for summary judgment should read the record "in the light most flattering to the nonmovant and indulg[e] all reasonable inferences in that party's favor." *Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 581 (1st Cir.1994).

## FACTS

The facts are not in dispute. The IRS filed tax liens on September 27, 1997, November 11, 1997, and January 23, 1998. The IRS's amended proof of claim indicates that $53,757.80 is secured, $5,233.44 is priority and $18,183.52 is unsecured. A stipulation approved by this Court on August 16, 1999 provides that the IRS can exercise its right of set off against the secured claim in the amount of $5,253.53, leaving a secured claim of $48,504.27. The stipulation further indicates that the unsecured portion consists of penalties on its secured claim in the amount of $18,183.52.

An auction sale of certain of the Debtor's assets was held on January 31, 1998. The Defendant herein commenced trustee process on Reginald Lussier Auction Services, Petrowsky Auctioneers, Inc. and Fleet Bank—NH on the same date seeking to attach the proceeds of the auction sale. All of the above trustees filed disclosures with the Defendant on or before sixty days from the return date as required by New Hampshire Superior Court Rule 86. However, none of the disclosures were subsequently filed with the court as required by Rule 86. Plaintiff now holds the sum of $88,918.09, turned over to him by Petrowsky Auctioneers, Inc., which were the net proceeds of the auction sale due the Debtor held on January 31, 1998. The Debtor filed bankruptcy on May 5, 1998.

## DISCUSSION

I. *Is there a valid attachment by Defendant on the proceeds of the auction sale?*

Rule 86 of the Superior Court Rules states as follows:

The disclosure of all trustees served before entry of the writ must be filed within sixty days after the return day at which the action is returnable, and, in the case of trustees served pursuant to authority take additional disclosure, the trustees shall be discharged upon mo-

tion. The Court, upon motion and for sufficient cause shown by affidavit, may extend the time for taking the disclosure. Trustees will be allowed costs as a party until the question of their liability is determined, if they enter an appearance.

N.H.Sup.Ct.R. 86 (1998). There is no dispute that all of the requirements for obtaining trustee process pursuant to N.H. RSA § 512 have been met, except the filing of the disclosure statements with the court. Further, there is no question that the obligation to file the disclosure statements lies with the plaintiff and not the trustees. *Wentworth Bus Lines, Inc. v. Windle*, 98 N.H. 234, 236, 97 A.2d 228 (1953); *Key Bank of Maine v. Latshaw*, 140 N.H. 634, 640, 670 A.2d 1041 (1996).

Trustee process is a means by which a plaintiff may attach claims held by a defendant against third parties. In the instant case, the proceeds of the auction sale were claimed by the Debtor and held by the auctioneer, Petrowsky. Upon completing the trustee process, the plaintiff then has a right to charge the trustee for the amounts held by it under the process when served. However, the Court finds that trustee process is just that, a process which must be complied with in order to charge the trustee and, in turn, have a claim against the assets held by the trustee. Failure to complete that process by not filing the disclosures is fatal to the process and, upon motion, the trustee *shall* be discharged. In the instant case, upon the expiration of the sixty-day period, and there being no further order of the superior court, Petrowsky could have disbursed the funds to the Debtor or some other third party and not be "charged" pursuant to N.H. RSA § 512. The Defendant argues that trustee Petrowsky agreed that the proceeds would not be disbursed and, thus, the disclosures did not have to be filed. Absent a bankruptcy, this procedure may be sufficient, but on the facts of this case, the Court finds that the proceeds are property of the bankruptcy estate not subject to a valid lien of the Defendant that would have precedence over the Trustee/Plaintiff herein.

II. *Whether the Bankruptcy Estate and the Internal Revenue Service Take Precedence to the Extent of $66,687.79.*

█ Having found for the Plaintiff in Count I of its motion for summary judgment, the Court need not address Count II, but will do so for the sake of judicial economy in the event the Court's ruling on Count I is appealed.

█ The Court finds that the IRS had perfected liens in the property of the Debtor in accordance with 26 U.S.C. §§ 6321 through 6323. The last of these liens was recorded in the Office of the Secretary of State for the State of New Hampshire on January 23, 1998, approximately eight days prior to the auction sale and trustee process on January 31, 1998, and, thus, had priority over the Defendant's trustee process even if valid. Further, the Court finds that properly perfected IRS liens cover after-acquired property; thus, the proceeds of the auction sale are covered by the IRS liens.

Pursuant to section 724(a) of the Bankruptcy Code, the penalties on the secured portion of the IRS claim in the amount of $18,183.32 are subordinate to all other claims and preserved for the bankruptcy estate pursuant to section 551 of the Bankruptcy Code. Pursuant to section 724(b), the secured portion of the IRS claim is first subject to distribution to holders of claims pursuant to 11 U.S.C. § 507(a)(1) through (7) and then to the IRS.

Consequently, this Court finds that the trustee process, if valid, would be junior to the amount preserved to the bankruptcy estate and the remaining portion of the IRS secured claim, which totals $66,687.79 after the IRS's right of set off is executed in the amount of $5,253.53.

### CONCLUSION

Summary judgment is granted to the Plaintiff, and the Defendant's cross-motion for summary judgment is denied.

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, this Court finds that there is no just reason for delay with respect to its ruling on Count I of the Plaintiff's motion for summary judgment and directs that the entry of a final judgment be entered thereon.

This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.