GOVE *v.* VARRELL, *Pr.*, INS. CO., *Trs.*, and VARRELL, *Claimant.*

A claim for unliquidated damages cannot be attached by the trustee process, but if the damages are liquidated before the taking of the trustee's deposition, the agreed sum will be held by the attachment as money of the defendant in the trustee's hands at the time of the taking of his deposition.

May 1, 1876, the trustees insured the defendant in their company for $350, on personal property. On the twentieth of the same month, a portion of the property was burned. On the twenty-fifth, the loss was adjusted by the parties at $241.25. The writ was made and served on the twentieth, after the loss. Varrell claimed the money as assignee, but proved no assignment of it.

*Hibbard*, for the plaintiff.

*Gale*, for the defendant.

BINGHAM, J. The right of the defendant, in the hands of the trustees at the time of the service of the writ, was a claim for unliquidated damages, and was not attachable by the trustee process. *McKean* v. *Turner*, 45 N. H. 203. The trustees must be discharged, unless they can be charged on the ground that the parties adjusted the damages between them before the taking of the deposition. Prior to the passage

of the General Statutes, a trustee was liable to be charged for the money, goods, chattels, rights, and credits of the defendant in the trustee's hands at the time of the service of the writ on him, or at any time after such service and before his disclosure. Rev. St., *c.* 208, *s.* 8; *Palmer* v. *Noyes*, 45 N. H. 174; *Wheeler* v. *Emerson, id.* 526; *Edgerly* v. *Sanborn,* 6 N. H. 397.

The eighth section of the Revised Statutes is not copied into the General Statutes, nor is it noted in the margin as being in any part preserved; and no one section in the General Statutes so expressly states that funds coming to the hands of the trustee, after service of the writ and before the taking of the trustee's deposition, shall be attached, as does said section eight. Gen. St., *c.* 230. Still, in no part of the chapter is the attachment, in terms, limited to the funds in the trustee's hands at the time of the service of the writ upon him; and when *ss.* 7 and 28, and the sections between them, are construed in the light of the law as then held, we think it is plain that the legislature intended, and made, no change in this respect.

After the service of the writ, and before the taking of the deposition, the defendant and the trustees adjusted the damages, and agreed upon the sum to be paid. The unliquidated damages thereby became liquidated, and were attached by the process the same as any money of the defendant would have been had it come to the trustees' hands after the service of the writ, and before the giving of the deposition. *Nevins* v. *Company,* 25 N. H. 34; *Wooster* v. *Page,* 54 N. H. 128.

*Trustee charged.*

FOSTER, J., did not sit.