EASTMAN & a., Ex'rs, v. THAYER, Pr., and CLARK, Tr.

A claim arising through the non-performance of the covenants of a lease, and which can be ascertained only by the exercise of judgment, discretion, and opinion, is one for unliquidated damages, and cannot be reached by the trustee process.

FOREIGN ATTACHMENT.  Facts found by a referee.  April 21, 1875, the defendant leased a summer boarding-house, with its furniture, to the trustee for three years, at an annual rent of $400, payable on the first day of October in each year.  The lease also stipulated that the trustee should have peaceable possession; that the lessor should keep the buildings in repair and pay all taxes; that the trustee, on reasonable notice, might extend the lease one or two years upon the same terms; that if the furniture became unfit for use by natural wear, the lessor should repair it; that he should also keep the water running to the house and barn, point the cellar wall so as to keep it from freezing, lay a floor overhead in the laundry, finish the building, and keep the premises drained to the satisfaction of the board of health; that all questions as to repairs and all claims as to damages should be referred to one S. for final decision; and that if the lessor should neglect to make the necessary repairs, the trustee should make them under the direction of S., and deduct the amount from the rent at the time of yearly settlement.

The trustee took possession of the premises May 20, 1875, and retained it until December 24, 1878, when he was legally evicted by one J., under a writ of possession.  Thereupon the trustee attorned to J., and agreed to pay him $250 yearly as rent for the real estate, and continued in the occupation thereof up to May 20, 1880.

The trustee paid the rent the first three years without objection, and continued to use the furniture as before till May 20, 1880; and if liable for the balance of $400 per year not paid to J. for the time he occupied as his tenant, there was found due from him the sum of $210, but if liable only for the fair rent of the furniture, $120.

The referee further found that the defendant did not keep and perform his covenants, and that the trustee was damaged thereby to the amount of $308.75, of which $142 accrued prior to December 24, 1878; that the trustee expended for repairs, with the defendant's assent and by direction of S., $238.75; that the other damages claimed by him and allowed in part by the referee were unliquidated, and occasioned by the failure of the defendant to perform the stipulations in the lease; and that they had not been adjusted by S. or by any one else.

The trustee elected to extend the lease for two years, and the referee found that he was chargeable for such sum, or not chargeable, as the court might decide on the facts reported.

*S. C. Eastman*, for the plaintiffs.

*Bingham, Mitchells & Batchellor*, for the trustee.

BLODGETT, J.   No difficulty attends this case.   The defendant,.
by an instrument under seal, leased to the trustee a boarding-house·
and its furniture, and covenanted to do certain things which he·
wholly failed to do, whereby the trustee sustained damage, the
amount of which has not been agreed upon by the parties, or deter-
mined by the arbitrator named in the lease, or in any other way..
That such damage is a proper matter for recoupment in an action
to recover the rent is well settled (Tay. L. & T., *s.* 374, Wood.
Land &. T., *s.* 465, 1 Sedg. Dam. (7th ed.) 394, note *a*, 2 *ib.* 292) ;
and that its ascertainment requires the exercise of judgment, dis-
cretion, and opinion, and not mere calculation or computation, is.
a self-evident proposition.   Consequently the defendant's claim
against the trustee must be regarded as one for unliquidated dam--
ages, and hence it cannot be reached by the trustee process.   *Mc-
Kean* v. *Turner*, 45 N. H. 203, 204 ; *Gove* v. *Varrell*, 58 N. H. 78 ;.
*Bucklin* v. *Powell, ante* 119.

*Trustee discharged.*

STANLEY, J., did not sit: the others concurred.