Judge of Pr.<br>v.<br>Locke, et a.

isfy the judgment, would have been a breach of the condition of the bond.

But a refusal to pay a debt, which she considers barred by the statute of limitations, is no breach of the condition of this bond.

---

## SAMUEL EDGERLY *versus* D. E. SANBORN, trustee of SETH LOUGEE.

In process of foreign attachment, the trustee may be charged, for money or goods coming to his hands, or for credits arising, after the commencement of the suit.

Where a trustee contracted with the principal to sell and convey to the latter a tract of land, for $450, and the principal paid to the trustee $290 of the purchase money, and it was agreed that the principal should go into possession, and if he failed to complete the payment of the purchase money, should retain possession until what he had paid was refunded by the trustee—it was held that the principal had an interest in the land that might be taken by extent.

THIS was a writ of error, brought to reverse a judgment of the Court of Common Pleas, rendered upon the disclosure of the trustee.

The trustee, in his answers to the interrogatories put to him, stated, in substance, that sometime in the year 1826, he contracted with the principal, to sell and convey to the latter a tract of land, for $450, and gave to the principal a bond to convey the land, upon payment of that sum in four years. It was agreed between them, that the principal should go into possession of the land ; but if the said sum should not have been paid in four years, the trustee should have a right to the possession again, on repaying whatever sum the principal might have paid towards the land. The principal went into possession, and, in the course of the four years, paid

$290, and no more. Sometime in the fall of the year 1830, two creditors of the principal, having executions against him, extended the same upon the land, and having paid that part of the $450, which remained unpaid, to the trustee, he released to them all his right to the land. But it was agreed between the said creditors and the trustee, that in case the said executions should be paid, and the land redeemed by the principal, the creditors should reconvey the land to the trustee. The original writ was served on the trustee previous to April, 1830. Upon this disclosure the Court of Common Pleas discharged the trustee.

*J. Bell*, for the plaintiff in error, contended, that the creditors of the principal took nothing by their extents, he having, at the time of the extents, no interest in the land ; and that, when the trustee conveyed the land to the creditors of the principal, who made the extents, and they entered, this must be considered as the entry of the trustee ; and that, as it had been agreed that the trustee should not enter until he had repaid to the principal what had been received, he, by the entry of the creditors, his agents, became liable to the principal for the $290, which the principal had paid him, and for this sum he ought to have been charged in the court below.

And although he did not become thus liable until after the commencement of this suit, still he is chargeable, because, under our statute, a trustee is liable for any goods, effects or credits found in his hands, at any time after the commencement of the suit, and before he makes his disclosure.

*B. Emerson*, for the trustee.

RICHARDSON C. J. delivered the opinion of the court.

We entertain no doubt, that in process of foreign attachment, the trustee may be charged for money or goods that come to his hands, or for a credit arising, after the commencement of the action.

And in this case, if the creditors of the principal had not interfered, and the trustee had entered into the land, he might well have been charged for the amount he had received of the principal.

But when the creditors of the principal extended their executions upon the land, the principal was in possession, and had a right of possession and an interest in the land to the amount of what he had paid. And the case of *Pritchard* v. *Brown*, 4 N. H. Rep. 397, is an authority showing that he had an interest in the land which might be taken by an extent.

The extent of the creditors of the principal put them in his place, and their entry could not make the trustee liable to refund to the principal what he had paid. If the trustee had chosen to enter, he would have become liable to refund the money, not to the principal but to the creditors, who stood in his place.

We see no grounds on which the trustee could have been charged, and *the judgment of the court below must be affirmed.*