Hillsborough, }
Nov. 4, 1908. }

## STEER v. DOW & Tr.

With certain exceptions, a trustee is chargeable for all funds of the defendant which may come to his hands up to the time of disclosure.

Renewal commissions due from an insurance company to its agent are not exempt from foreign attachment as wages if they relate to policies written prior to service of process upon the trustee, nor if they accrued from the inseparable labor of the defendant and his subagents.

A foreign insurance company which has been duly summoned by service upon the insurance commissioner is chargeable as trustee of its agent for renewal commissions due upon policies written in this state, regardless of a subsequent agreement for the payment of the funds elsewhere.

DEBT, upon a judgment. Facts found by the court. The defendant appeared and was subsequently defaulted. The only controversy is as to the liability of the New York Life Insurance Company as trustee ; and that question was transferred without a ruling by *Plummer*, J., from the January term, 1908, of the superior court.

The trustee was summoned by service upon the insurance commissioner, November 5, 1906, and at that date was not indebted to the defendant. From the disclosure taken May 10, 1907, it appeared that the trustee was then indebted to the defendant in the sum of $91.27. Prior to June 30, 1906, the defendant was the general agent of the trustee in New Hampshire, was located in

Manchester, and had subagents in his employ.    Under his contract of employment, he was entitled to renewal commissions payable to him at Manchester, on business transacted in New Hampshire by him and his agents.    The disclosed indebtedness of the trustee all arose from renewal commissions accruing to the defendant from business in New Hampshire done by him and his subagents.    June 30, 1906, the defendant removed to Boston, and his renewal commissions were made payable to him in Boston instead of at Manchester.

At the January term, 1908, the trustee appeared by counsel and moved for a discharge upon the following grounds: (1) The renewal commissions are wages; (2) they are payable in Massachusetts; and (3) at the time of service upon the trustee the defendant was indebted to the trustee.

*Andrews & Andrews,* for the plaintiff.

*Henry N. Hurd,* for the defendant.

*Burnham, Brown, Jones & Warren,* for the trustee.

PARSONS, C. J.    A trustee is chargeable not only for the funds of the defendant in his hands at the time process is served upon him, but also, with certain exceptions, for all that may come to his hands up to the time of disclosure.    P. S., *c.* 245, *s.* 19; *Gove* v. *Varrell,* 58 N. H. 78; *Palmer* v. *Noyes,* 45 N. H. 174, 178; *Smith* v. *Railroad,* 33 N. H. 337, 345; *Edgerly* v. *Sanborn,* 6 N. H. 397.    Wages for labor performed by the defendant after service upon the trustee are an exception.    P. S., *c.* 245, *s.* 20.    If the renewal commissions are payments for labor performed in placing the original policy, the fund disclosed is not within the exception because it is to be inferred such labor was performed before the defendant left the state prior to the service, and for the further reason that the wages excepted are only those accruing as payment for purely personal service.    A fund created in part by the labor of others than the wife and minor children of the defendant is not excepted.    *Robbins* v. *Rice,* 18 N. H. 507, 510; *Hale* v. *Brown,* 59 N. H. 551; *Gray* v. *Fife,* 70 N. H. 89.    Where "no means are furnished by which it is possible to extricate the privileged labor from the other ingredients composing the cause of indebtedness and to ascertain its value," the trustee is chargeable.

Prior to the act of June 30, 1841 (Laws 1841, *c.* 601; R. S., *c.* 208), a trustee could not be charged on account of his liability to the defendant on a negotiable promissory note, or by reason of any chose in action of the defendant in his possession.    The negotiable

character of the instrument evidencing his liability in the first case, whereby if he were charged a *bona fide* holder might suffer a loss or the maker be compelled to pay twice, and the lack of means for enforcing the security in the second, were the reasons for the holding that such liabilities or securities were not included within the terms " money, goods, chattels, rights, or credits," used in the act of 1791. By the act of 1841, means were provided for the collection of choses in action held by the trustee, and his liability upon negotiable promissory notes " made or payable in this state, or the parties to which, at the time of making the same, resided in this state," was made subject to attachment by this process. The legislation was subsequently extended (G. S., *c.* 230, *s.* 21) so as to include all negotiable paper " made and payable in this state, or the parties to which, at the time of making the same, resided in this state." P. S., *c.* 245, *ss.* 21, 22 ; Laws, *ed.* 1792, *p.* 151 ; *Cox* v. *Severance,* 70 N. H. 86 ; *Kibling* v. *Burley,* 20 N. H. 359 ; *Fletcher* v. *Fletcher,* 7 N. H. 452, 453, 454 ; *N. H. I. F. Co.* v. *Platt,* 5 N. H. 193 ; *Stone* v. *Dean,* 5 N. H. 502. Therefore, where it is sought to hold the trustee as liable upon negotiable paper, the trustee will be discharged unless the instrument comes within the description of the statute. *Chadbourn* v. *Gilman,* 63 N. H. 353 ; *Carbee* v. *Mason,* 64 N. H. 10.

By the terms of the contract between the defendant and the trustee, the fund in question was at the time of the attachment payable in Massachusetts. It does not appear that the original contract or the variation relied upon were reduced to writing. But assuming that they were, the instrument was not negotiable. So far as it is disclosed, it was a mere contract of employment specifying the agreed remuneration for service rendered. It is not within the exception existing before the legislation extending the process of foreign attachment to cover certain negotiable paper, and the provisions of the statute have no application. The plaintiff is not seeking to enforce the contract, but to reach property in the trustee's hands which the contract shows to belong to the defendant. The contract is material only on the question of title, and performs the same office as a bill of sale or deed of land in a proceeding to hold the trustee for the purchase price of goods or land. The fund in possession of the trustee here is attachable, regardless of the agreement of the trustee to transport it to the defendant at Boston, precisely as a horse or carload of goods would be. The fact that payment of a debt is agreed to be made out of the state is not an answer to the trustee process. *Sturtevant* v. *Robinson,* 18 Pick. 175 ; *Blake* v. *Williams,* 6 Pick. 286, 315. It does not appear that by the contract a demand by the defendant in Massachusetts was made a condition precedent to his

right of action to recover the debt. If it were, in the absence of such a demand the defendant could not maintain an action for the fund here or elsewhere. To the general rule that the trustee can be charged only for what the defendant could recover of him in an action on the contract, there are exceptions. *Libby* v. *Company*, 67 N. H. 587. He may be charged where the defendant could not maintain a suit without proof of a demand, although none has been made. *Quigg* v. *Kittredge*, 18 N. H. 137; *Woodbridge* v. *Morse*, 5 N. H. 519. "The trustee is to be charged whenever it appears that he has money in his hands which the principal has a right to receive upon demand, whether a demand has been made or not."

In argument in this court, it appears to be urged that the trustee is not an inhabitant of the state. It has been held that a resident and inhabitant of another state, although served with process here, cannot be charged as trustee except upon a contract to be performed here, or for goods of the defendant actually in his possession here at the time of the service of the writ upon him. *Lawrence* v. *Smith*, 45 N. H. 533; *Young* v. *Ross*, 31 N. H. 201; *Sawyer* v. *Thompson*, 24 N. H. 510; *Jones* v. *Winchester*, 6 N. H. 497. This objection does not appear to have been taken in the superior court, and the facts as to the residence of the trustee are not fully found; but from the absence of objection to the validity of the attachment by service upon the insurance commissioner, it may be inferred that the trustee is a foreign "joint-stock or mutual insurance company," duly admitted to and doing business in this state subject to its laws. P. S., *c.* 169, *s.* 4. In view of the statutory provisions on the subject (P. S., *c.* 170, *s.* 14; *Ib.*, *c.* 169, *s.* 4), whether such a party appearing as a litigant in the courts of the state is to be regarded as a resident of the state, or otherwise, may be a question requiring serious consideration. Time need not be now taken for the purpose; for assuming that the trustee is to be regarded as a non-resident doing business in the state, the case is fully covered by the statute. "A person doing business in this state and residing outside the state may be summoned upon trustee process, . . . and he may be charged as trustee, as if he were an inhabitant of this state, . . . for any rights or credits of the defendant by reason of contracts made or performed within the state." P. S., *c.* 245, *s.* 5. The credits for which it is sought to charge the trustee accrue to the defendant "from business in New Hampshire done by him and his subagents." In the language of the statute, they are "credits of the defendant by reason of contracts . . . *performed* within the state," wherever the contract was *made*, which does not appear. The trustee, therefore, is to be charged "as if it were an inhabitant of this state."

*Trustee chargeable.*

All concurred.